# Commonwealth *versus* Thompson.

*1. The general borough law of April 3d, 1851, (P. L. 320) does not give jurisdiction to a burgess to impose fines for violations of borough ordinances. He has no judicial authority outside of that which is expressly conferred upon him by said Act.

2. Reid *v.* Wood, 102 Pa. St., 312, distinguished.

May 27th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Warren county :* Of January Term 1885, No. 347.

This was in the court below a *certiorari* to the Burgess of Clarendon Borough. The record disclosed the following facts: On July 12th, 1884, L. L. Thompson was arrested, and at the hearing before the burgess pleaded guilty, and was sentenced to pay one hundred dollars fine, and costs of prosecution, for keeping nitro-glycerine within said borough, contrary to an ordinance providing, *inter alia,* as follows :

SEC. 13. . . . . it shall not be lawful for any person or persons to store, house, convey, transport, carry or have in his or her possession within the borough limits any nitro-glycerine, giant powder, or any other explosive of a dangerous character, except in case a well is desired to be shot within the limits of the borough, an application shall be made by the torpedo company to the burgess or clerk, who will grant them a license or permit to carry enough nitro-glycerine to shoot that certain well on a payment of ten ($10) dollars for each and every well within the borough limits.

SEC. 14. Any one violating the provisions of this ordinance, and being thereof convicted before the burgess or any justice of the peace of competent jurisdiction, shall be subject to a fine of not less than fifty ($50) nor exceeding one hundred ($100) dollars for each offence, to be imposed and recovered as fines and penalties are now imposed and recovered by law.

Defendant appealed from said judgment on the grounds, *inter alia*, that the burgess had no jurisdiction, and that the record showed no criminal charge against him, while the proceedings were criminal in form, being in the name of the Commonwealth.

The court sustained said exceptions and reversed the judgment, whereupon the Commonwealth took this writ assigning for error said action of the court.

*D. I. Ball* (*C. C. Thompson* with him), for plaintiff in error. —The Borough Law of April 3d, 1851, (P. L. 320) in ¶ 21 of § 2, gives to the corporate officers of the corporation power " to impose fines and penalties," etc. The ordinance in question subjects the person violating it to a fine " to be imposed and recovered as fines and penalties are now imposed and recovered by law." The Act of 1851 (§ 5) expressly empowers the chief burgess " to enforce the by-laws, ordinances, rules and regulations of the corporation'; " " to exercise jurisdiction in all disputes between the corporation and individuals arising under the same," and " to exercise the powers, jurisdiction and authority of justices of the peace within the borough for the suppression of riots, tumults, disorderly meetings; and in all criminal cases, for the punishment of vagrants and disorderly persons, he shall be entitled to the same fees for like services." Section 6 says "it shall be the *duty* of the chief burgess . . . . to enforce the ordinances and regulations." It therefore seems that said Act of 1851 gives to the burgess all the powers, jurisdiction and authority of a justice of the peace.

The proceeding in Reid *v.* Wood, 6 Out., 312, was begun before the burgess in the name of the Commonwealth, for a penalty, for a violation of a borough ordinance. No doubt

seems to have been suggested as to the propriety of the proceeding, or the jurisdiction of the burgess.

The violation of a borough ordinance is a *quasi* criminal offence: Caughey *v.* Pittsburgh, 12 S. & R., 53; Commonwealth *v.* Bennett, 16 Id., 243; Ellmore *v.* Hoffman, 2 Ash., 159.

*Charles H. Noyes* (*W. D. Hinckley* with him), for defendant in error.—A violation of a municipal ordinance is not and cannot, at least without express legislative action, be a criminal offence: Graffius *v.* Com., 3 P. & W., 502; Phillips *v.* Allen, 5 Wright, 481; Barter *v.* Com., 3 P. & W., 253; Butler's Appeal, 23 P. F. Smith, 448; Coden *v.* Gettysburg, 8 Leg. Gaz., 167. The proper proceeding to recover a fine or penalty imposed by a municipal ordinance, is by a civil action in the name of the municipality: Caughey *v.* Pittsburgh, 12 S. & R., 53; Spicer *v.* Rees, 5 Rawle, 119; Mayor *v.* McCaffrey, 2 Ash., 164; Ellmore *v.* Hoffman, Id., 159; Act of April 15th, 1835, Purd. Dig., 980, pl. 38, April 5th, 1849, Id., pl. 39.

Mr. Justice TRUNKEY delivered the opinion of the court, October 5th, 1885.

It is admitted that the principal question is "whether the burgess of a borough has jurisdiction to impose fines for offences arising from violation of borough ordinances, under the general borough law of April 3rd, 1851, P. L. 320." If he has not, there is no occasion to consider the validity of the ordinance; nor whether the remedy for recovery of the penalty may be by a summary proceeding.

Section 32 of said Act provides that "fines and penalties under the ordinances of the borough shall be recoverable before any justice of the peace of the borough." This should be noted in reading the Act, to ascertain the legislative intent. The magistrate is named, and the Act does not clothe the burgess with the general jurisdiction of such magistrate, nor does it expressly authorize proceedings before him for the recovery of fines and penalties. Not contending that the burgess has the civil jurisdiction of a justice of the peace, the plaintiff urges that he is vested with the criminal jurisdiction, and therefore this proceeding was begun before the proper officer. In support of the claim reference is made to the third paragraph of section 5 of the Act: The burgess shall have power "to exercise the powers, jurisdiction and authority of justices of the peace, within the borough, for the suppression of riots, tumults, disorderly meetings; and in all criminal cases for the punishment of vagrants and disorderly persons he shall be entitled to the same fees for like services." This is quoted as printed in the pamphlet laws; it is differently punctuated in Purdon's

[Commonwealth *v.* Thompson.]

Digest, and its punctuation in the plaintiff's printed argument differs from both. But its sense ought not to be changed by the shifting or injecting of commas and semicolons. As printed in the laws published by authority of the Commonwealth, the burgess has the executive power of a justice of the peace for the suppression of riots, tumults and disorderly meetings, and the judicial power of that officer for the punishment of vagrants and disorderly persons. If the whole sentence be read "without breaks and stops" it has the same meaning. It is always to be presumed that the legislature will express its intention in clear and explicit terms. This has been done by the clause giving the burgess the jurisdiction of a justice of the peace in five cases by name. Had it been intended to give such jurisdiction in all criminal cases, none would have been so designated. Nothing in the entire Statute calls for disjointing the clause by stops and forcing a construction that it vests the burgess with the power of a justice of the peace in all criminal cases.

The Statute makes the burgess the chief conservator of the public peace, and to the end that he may maintain order and peace in the borough, he is empowered to act as a justice of the peace to suppress disorder and to punish vagrants and disorderly persons. This accords with the twenty-first paragraph of the second section, which authorizes the proper corporate officers, or justices of the peace within the borough, to commit persons to the lock-up house for temporary detention not exceeding the period of forty-eight hours at one time. It is the duty of the burgess to enforce the ordinances, hear complaints, remove nuisances, exact faithful performance of duties by appointed officers, and exercise jurisdiction in all disputes between the corporation and individuals arising under the ordinances and regulations. These duties are executive. However extensive the authority entrusted to him, taking into view the entire Statute, it is plain that the burgess has no jurisdiction as an inferior court to adjudge civil causes. The corporate officer who is to take care that the by-laws and ordinances shall be faithfully executed and enforced, is not made the judge to hear and determine suits for fines and penalties imposed for violations of the ordinances.

At the argument reference was made to the case of Reid *v.* Wood, 102 Pa. St., 312, where the proceeding was to recover a fine for violation of an ordinance of the borough of West Chester. The judgment was reversed because the record did not show that the defendant had done anything prohibited by law or ordinance. But the decision has no tendency to support the proposition that under the Borough Law of 1851, suits for fines and penalties may be brought before the burgess, or

[Seiber *v.* Oles.]

that a summary proceeding before any magistrate is authorized. The Act of June 18th, 1842, P. L. 291, § 11, gave the burgess of the borough of West Chester jurisdiction of all suits for recovery of fines and penalties imposed by any ordinance of the borough. Had the question been raised, or doubt suggested by counsel, possibly an additional reason would have been expressed for reversing the summary conviction.

Judgment affirmed.