# The Borough of Colwyn *v.* Thomas Tarbotton, Appellant.

*Jurisdiction, C. P.—Certiorari—From justice or burgess.*

Under the act March 20, 1810, 5 Sm. L. 171, the judgment of the common pleas reversing on certiorari the judgment of a justice of the peace in a suit for penalty for a violation of a borough ordinance (the act prohibited not being an indictable or public offense) is not reviewable in the appellate Court. A similar judgment of a burgess falls within this rule, as it is laid down in Mahanoy v. Wadlinger, 142 Pa. 308, and the judgment of the common pleas upon certiorari is not reviewable.

*Jurisdiction Superior Court—Judgment of burgess.*

Subject to the limitations of the act of June 24, 1895, P. L. 212, it is plain that the Superior Court has the same appellate jurisdiction that the Supreme Court had in the enumerated classes of cases, and no greater, it does not extend the right of review or change its extent in cases already provided for, or modify in any manner its exercise.

Argued Dec. 3, 1895. Appeal, No. 31, Nov. T., 1895, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1895, No. 39, affirming judgment of chief burgess on certiorari and exceptions to return. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Certiorari and exceptions to return of chief burgess of the borough of Colwyn, in a suit for a penalty for violating a borough ordinance. Judgment for plaintiff for $20.

The exceptions to the return were as follows: (1) Because the record does not set out the ordinance under which suit was brought and judgment rendered; (2) abandoned; (3) because the chief burgess of a borough has no jurisdiction in civil suits for the collection of penalties provided by borough ordinances; (4) because the record returned does not show any jurisdiction to support the action or the judgment rendered.

*Errors assigned,* (1–4) error in dismissing the above exceptions reciting the same.

*Lewis Lawrence Smith,* for appellant.—The record should set out the ordinance: Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87; City v. Duncan, 4 Phila. 145; Com. v. Davenger, 10 Phila. 478; Phila v. Cohen, 16 Phila. 81; Stroudsburg Borough v. Brown, 11 Co. Ct. Rep. 272; Fraily v. Sparks, 2 Pars. 232; Manayunk v. Davis, 2 Pars. 289.

The chief burgess of the borough has no jurisdiction in civil suits for penalties: Com. v. Thompson, 110 Pa. 297; Gallitzen Borough v. Gains, 15 Co. Ct. Rep. 337.

*V. Gilpin Robinson,* for appellee.—This record contains all essentials of good record: City v. Duncan, 4 Phila. 145. As to the jurisdiction of chief burgess: The case of Com. v. Thompson, 110 Pa. 299, decided that the burgess of a borough has no

jurisdiction to impose fines for offenses arising from violation of borough ordinances under the general borough law of April 3, 1851, P. L. 320 ; see also May 19, 1887, P. L. 133 ; Caughey v. Pittsburg, 12 S. & R. 53 ; to the same effect is Commonwealth v. Betts, 76 Pa. 470 ; Pittsburg v. Madden, 3 Dist. Repts. 771.

Statutes are to be construed so as may best effectuate the intention of the makers, which sometimes may be collected from the cause or occasion of passing the statute, and when discovered it ought to be followed with judgment and discretion in the ·construction, though that construction may seem contrary to the letter of the statute. It is said a thing within the letter of the statute is not within the statute unless it be within the intention of the makers, and such construction ought to be put on it as does not suffer it to be eluded : People v. Utica Ins. Co., 15 Johns Rep. 381 ; Com. v. Fraim, 16 Pa. 169.

Words and phrases which might operate to defeat the clear purpose of a statute, or which could have no sensible meaning should be eliminated; and notwithstanding the rule that full effect must be given to every part of a statute : 23 Am. & Eng. Ency. of Law, 420.

OPINION BY RICE, P. J., January 20, 1896 :

This is an appeal from the judgment of the court of common pleas, affirming the judgment of the burgess of the plaintiff borough in a suit for a penalty for the violation of a borough ordinance. The first question that confronts us, although it was not raised by the counsel on the argument of the case, is whether an appeal to this court lies in such a case.

The expressed intention of the act creating this court (act of June 24, 1895, P. L. 212) was to confer " exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases : " In class " C " are enumerated : " All other actions . . . . in the common pleas . . . . whether originating therein or reaching that court by appeal, or certiorari from a justice of the peace or alderman or magistrate if the . . . . amount of money really in controversy . . . . is not greater than $1,000," etc. It is plain· that this court has the same appellate jurisdiction that the Supreme Court had in the enumerated classes of cases, and no greater.

It has been several times decided that the act of May 9, 1889

(P. L. 158), providing that all appellate proceedings in the Supreme Court theretofore taken by writ of error, appeal or certiorari, should thereafter be taken in a proceeding called an appeal, does not extend the right of review, or change its extent in cases already provided for, or modify in any manner its exercise: Rand v. King, 134 Pa. 641; Com. v. Bird, 144 Pa. 194; Gates v. Penna. R. R., 154 Pa. 566. In Mahanoy v. Wadlinger, 142 Pa. 308 (1891), it was decided that the judgment of the common pleas reversing on certiorari the judgment of a justice of the peace in a suit for a penalty for a violation of a borough ordinance (the act prohibited not being an indictable or public offense) was not reviewable in the Supreme Court. The decision was put upon the ground that the case was within the 22d section of the act of 1810 (5 Sm. L. 171), which provides that the judgment of the court of common pleas shall be final.

The present case differs in that the certiorari was to the judgment of a burgess; it differs in no other respect. But in Spicer v. Rees, 5 R. 119, it was held that an action before the Mayor to recover a penalty for the breach of a city ordinance was within the provisions of the 24th sec. of the act of 1810, although that section related in terms to the judgments of justices of the peace only. Said GIBSON, Ch. J., "It is contended, however, that though the action be a civil one, the writ of certionari may well lie from this court to the mayor who is not a justice of the peace, and whose proceedings therefore are not within the prohibitory clause. But he is clothed with no other jurisdiction than that of an alderman, who is virtually a justice, and whose proceedings can be dealt with by the courts of record only as such." Accordingly the writ was quashed, although the counsel on both sides argued that the act of 1810 did not apply. It is true that in Com. v. Thompson, 110 Pa. 297, the Supreme Court entertained appellate jurisdiction, but that case was a summary proceeding in the name of the commonwealth. The distinction is fully shown in Com. v. Betts, 76 Pa. 465.

We feel constrained to hold that, under the decision in Mahanoy v. Wadlinger, supra, the judgment of the common pleas is not reviewable.

The appeal is dismissed at the cost of the appellant.