## Frank J. Carroll *v.* Barnes & Erb Company, Appellant.

*Jurisdiction, C. P.—Certiorari from justice or magistrate.*

The judgment of the common pleas upon certiorari to the judgment of a justice of the peace in actions brought under the act of March 20, 1810, is final. A similar judgment of a magistrate falls within this rule and the judgment of the common pleas upon certiorari is not reviewable.

Argued Oct. 3, 1899. Appeal, No. 26, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 119, dismissing exceptions to judgment of a magistrate. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Appeal quashed. Opinion by RICE, P. J.

Certiorari to the judgment of a magistrate. Before the court in banc.

It appears from the record that suit was brought before a magistrate for $4.40 for balance of wages. Defendant offered in evidence the contract between defendant company and plaintiff and offered evidence tending to show a set-off. The magistrate entered judgment for the plaintiff for the amount of the claim $4.40. Defendant filed exceptions to the magistrate's record which were dismissed by the court below. Defendant appealed.

*Error assigned* was in dismissing exceptions to magistrate's transcript and confirming the judgment of the magistrate.

*W. H. Redheffer,* for appellant.—It must appear affirmatively by the record that the plaintiff's claim was sustained by com-

petent evidence; this cannot be presumed. Authorities cited in Young v. Getz, 6 Pa. Dist. Rep. 78, and cases there cited.

In Jones v. Evans, 1 Browne, 207, one of the reasons for reversal was because the record did not show the kind of evidence produced to support the judgment.

The record should show how the hearing was conducted and whether it was supported by legal proof: Young v. Getz, 6 Pa. Dist. Rep. 78. See also Sauter v. Carrol, 1 Pa. Dist. Rep. 122, Pearre v. White, 4 Pa. Dist. Rep. 504, and Munroe v. Klepser, 5 Pa. Dist. Rep. 60.

On the question of set-off cited Glennon v. Manufacturing Co., 140 Pa. 594, and Ulrich v. Hower, 156 Pa. 414.

No paper-book or appearance for appellee.

OPINION by RICE, P. J., November 20, 1899:

By the 22d section of the Act of March 20, 1810, 5 Sm. L. 161, the judgment of the common pleas upon certiorari to the judgment of a justice of the peace in actions brought under that act was final, "and," to quote the language of the act, "no writ of error shall issue thereon." This was not changed by the Act of May 9, 1889, P. L. 158, nor by the Act of June 24, 1895, P. L. 212, establishing this court and defining its jurisdiction: Colwyn v. Tarbotton, 1 Pa. Superior Ct. 179. The question was fully considered in that case and we need not go over the ground again. It is true the act of 1810 refers, in terms, to justices of the peace only, but as was said in Spicer v. Rees, 5 R. 119, of the finality of the judgment of the common pleas on certiorari to the judgment of the mayor in civil actions, so it may be said of magistrates in Philadelphia, they are "clothed with no other jurisdiction than that of an alderman who is virtually a justice, and whose proceedings can be dealt with by the courts of record only as such."

The appeal is quashed.