E. W. Crumley *v.* The Crescent Coal Company, Appellant, sued with Enos Thomas, Thomas Thomas and Reese Morgan.

*Justice of peace—Wages—Act of March* 20, 1810, *sec.* 22—*Certiorari—Appeal.*

The 22d section of the Act of March 20, 1810, 5 Sm. L. 161, provides that the judgment of the court of common pleas shall be final on all proceedings removed by certiorari by the said court, and no writ of error shall issue thereon. Therefore a judgment on certiorari from the judgment of an alderman in a suit for wages instituted under the provisions of this act is not subject to review by this court.

Argued Jan. 11, 1900. Appeal, No. 58, Jan. T., 1900, by Crescent Coal Company, from judgment of C. P. Luzerne Co., March T., 1899, No. 349, on certiorari to alderman Donohue of Wilkes-Barre. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Per Curiam.

Certiorari to an alderman.    Before HALSEY, J.

It appears from the evidence that the plaintiff brought suit before Alderman Donohue, in Wilkes-Barre, against the Crescent Coal Company, defendant, and Enos Thomas, Thomas Thomas and Reese Morgan to recover a balance of $9.00 which plaintiff claimed as wages due him by the said company. Judgment was rendered for the plaintiff and before execution a certiorari was entered from the court of common pleas.

The additional facts are fully set forth in the opinion of the court below as follows :

This case comes here upon certiorari and exceptions to the record of J. F. Donohue, an alderman of the city of Wilkes-Barre. The first exception is that the return of the summons to the constable does not show service upon the real defendants. The service would not be in accordance with the statute as to the Crescent Coal Company if the company is a partnership. It does not appear anywhere of record whether the defendant is a corporation or a partnership. If it is the former, the service of the summons would be as directed by the statute of March 22, 1817, 6 Sm. L. 438, sec. 1, upon the president or other principal officer or on the cashier, treasurer, secretary or chief clerk of such corporation. The return is that "P. J. Calpin, constable, served this writ on within-named defendants, the Crescent Coal Company, the 26th day of January, 1899, personally, by producing to A. J. Weiss, their chief clerk, at their registered office in Luzerne county, the original, and informing him of the contents thereof, and leaving with him a true and attested copy of the original writ." This return was sworn to. If the defendant company is a corporation, this return would comply with the statute. If the defendant company is a partnership, then summons should be served upon the members constituting the same by producing the original summons to and informing the defendants of the contents thereof, or leaving a copy of it at their dwelling houses, in the presence of one or more of defendants' family or neighbors, at least four days before the time of hearing. In such case this return would not comply with the statute. However, the record of the alderman shows : " Now, January 30, 1899, at 9 A. M., A. J. Weiss appears for the defendants and

asks to have case continued to same day, 7 P. M. Case continued. Now, 7 P. M. same day, parties appear. Continued to February 1, 1899, 7 P. M. Now, February 1, 1899, parties appear and judgment entered." This appearance cures any defect in the return of service: McGinley v. McDonough, 27 W. N. C. 340; Hartman v. Kottcamp, 2 York, 215. Whether the defendants were the real parties or not they appeared, and the judgment was entered against them after such appearance and hearing.

The second exception is that the record of the alderman does not show the kind of evidence upon which he based his judgment. The record shows that the plaintiff claims $9.00, being for work and manual labor done for defendants in Luzerne county, and that after hearing the parties, their proofs and allegations, judgment was rendered: Hill v. Scouton, 7 Kulp, 345. Upon certiorari to a justice's judgment the record should show that testimony was taken and that the case was heard, but it is not necessary for the justice to set out in full the testimony of the witnesses or to copy it at length upon his docket.

The third exception is that the execution issued was not authorized by any legitimate evidence. This exception is ruled so far as the record is concerned, by our disposition of the second exception.

The fourth exception is that the whole proceeding by and before the alderman, so far as relates to the Crescent Coal Company, was wholly false and fraudulent, no suit having been authorized by the plaintiff against the said company, and no claim against them having been presented before the alderman, and no evidence of any kind showing a claim against the said company having been presented before the alderman. Depositions were taken by both plaintiff and defendants.

[Whether or not the proceedings before the alderman were wholly false and fraudulent cannot be disposed of here. Upon certiorari to a magistrate, the only question before the court is that of the regularity of the proceedings, as shown by the record.] [1] If no suit was authorized by the plaintiff against the defendants, then the alderman was without jurisdiction, and whether or not such suit was authorized can be shown by evidence of facts taken by depositions: Dodson v. Bohan, 5 Kulp, 94. Now, what do the depositions show? Mr. McGov-

ern, a member of the bar, testifies that " one morning I went to the office and the plaintiffs in the cases were there, and said that they had a case each against the Crescent Coal Company and the miners that worked for them, before Alderman Donohue that evening, between seven and eight, and wanted to know if I would go over and attend to it. I told them I would if they would pay me a fee. I went over there that evening, and while I was waiting there Mr. Weiss came and asked me if I was counsel for them. I told him I was. He asked me, how much is your claim against the company? I told him, I think, $9.00 in each case, large enough to take an appeal, and he said he would not wait." The testimony of Mr. McGovern is corroborated by that of the alderman, John Newton, and A. Salsburg. Mr. A. J. Weiss, the Crescent Coal Company's bookkeeper, testifies that he was present at the hearing before the alderman ; that the plaintiffs were there ; that they were sworn and testified that the defendants were indebted to them, and that the due bills were there showing an account between the Crescent Coal Company and the plaintiffs. The testimony of the defendants, and others, is that the plaintiff in the case did not authorize the suit against the Crescent Coal Company. However, it appears from the depositions that influences were brought to bear upon them to withdraw the suits, in the threatened discharge of themselves and friends. As the presumption of fairness is with the magistrate, and in our opinion the weight of the testimony with the plaintiff, the proceedings are affirmed. Crescent Coal Company appealed.

*Errors assigned* were (1) to rulings on evidence, reciting same. (2) In admitting and treating as evidence in the cause the depositions taken on behalf of J. F. Donohue, alderman. (3) In overruling the exceptions to the alderman's record, and affirming the judgment of the alderman.

*A. Ricketts*, for appellant.—There are admitted exceptions to the rule that depositions cannot be received to overturn the proceedings of a justice upon a certiorari, viz : lack of jurisdiction, case pending before another justice, corruption or partiality on the part of the justice or magistrate : Shell v. McConnell, 1 Pear. (Pa.) 27 ; Dumber v. Jones, 1 Ash. 215 ; Warren v. Wells, 3

Luz. Leg. Reg. 111; Vansciver v. Bolton, 2 Dallas, 114; Burginhofen v. Martin, 3 Yeates, 479; Lacock v. White, 19 Pa. 495.

It does not appear to have always been rightly observed that the clause declaring the judgment of the court of common pleas final upon certiorari in the act of March 20, 1810, is simply a part of a proviso to section 22, providing that the proceedings of a justice shall not be set aside or reversed simply for want of formality, nor an execution set aside simply for informality. It has no reference whatever to a case like the present, where the jurisdiction of an alderman is in question, and his whole proceeding is claimed to be a falsehood and a fraud. And such has been the steady ruling of the Supreme Court: Fowler v. Eddy, 110 Pa. 117. Strouse v. Lawrence, 160 Pa. 421, and the cases therein cited.

*E. F. McGovern,* for appellee.—This proceeding is under the Act of March 20, 1810, 5 Sm. L. 161, which provides that no writ of error shall issue from the justice: Carrol v. Barnes & Erb, 11 Pa. Superior Ct. 590; Penna. Paper Co. v. Stoughton, 106 Pa. 458; Mahoney City v. Wadlinger, 142 Pa. 308. Fowler v. Eddy, 110 Pa. 117, does not rule this case. That was an action under a special act of assembly. Nor is Strauss v. Lawrence, 160 Pa. 421, precedent. It was an action under the Fraudulent Debtors' Act of July 12, 1842, P. L. 339, and neither of these actions is under the act of March 20, 1810, under which the present case is brought.

PER CURIAM, March 21, 1900:

The question for our decision is, not whether the court of common pleas may, on certiorari to bring up the record of a justice of the peace, receive depositions to show that the cause of action was not within the jurisdiction of the justice, or to establish fraud, corruption or partiality on the part of the justice, but whether an appeal lies to this court for the review of its decision upon the facts. This question must be answered in the negative. The 22d section of the Act of March 20, 1810, 5 Sm. L. 161, expressly provides that " the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid by the said court, and no writ of error shall

issue thereon." Cozens v. Dewees, 2 S. & R. 112; Johnson v. Hibbard, 3 Whart. 12; Borland v. Ealy, 43 Pa. 111; Paper Co. v. Stoughton, 106 Pa. 458; Diehm v. Parkes, 1 Mon. 174; Mahanoy City v. Wadlinger, 142 Pa. 308; Colwyn v. Tarbotton, 1 Pa. Superior Ct. 179; Carroll v. Barnes, 11 Pa. Superior Ct. 590, are some of the reported cases in which this plain statutory provision has been enforced. It has been held that the section applies only to the jurisdiction given by that act as extended by the act of 1879, and it was upon that ground that the cases cited by the appellant's counsel—Com. v. Betts, 76 Pa. 465; Strouse v. Lawrence, 160 Pa. 421, to which our own case of Com. v. Davison, 11 Pa. Superior Ct. 130, may be added—were decided. These cases have no application here because this was a proceeding under the act of 1810.

It is urged that the section does not apply where the magistrate has not jurisdiction, and in support of this position the case of Fowler v. Eddy, 110 Pa. 117, is cited. On the other hand see Borland v. Ealy, supra, and Diehm v. Parkes, supra. We do not deem it necessary to discuss this question. It is sufficient for present purposes to say that the record does not show lack of jurisdiction either of the parties or of the subject-matter. The decision of the court below on the question raised upon the depositions must necessarily be final, because, if for no other reason, there is no mode provided for bringing the facts on the record in a case like this.

We are all agreed that the 22d section of the act of 1810 applies, therefore the appeal is quashed.