# New Castle *v.* Genkinger, Appellant.

*Justice of the peace—Summary conviction—Appeals—Act of March 20, 1810, 5 Sm. L. 161.*

A judgment of the common pleas affirming a judgment of a justice of the peace in a summary proceeding for the collection of a penalty prescribed by a city ordinance, is not within the purview of the Act of March 20, 1810, 5 Sm. L. 161, and such judgment of the common pleas is not final and conclusive.

*Justice of the peace—Summary conviction—Violation of city ordinance—Theaters—Restitution.*

Where a city ordinance makes it unlawful for the owner or lessee or the agent of the owner or lessee, of any place of entertainment to knowingly rent the same, or permit it to be used for exhibitions tending to corrupt the morals of the people, a summary conviction cannot be sustained under such ordinance on an information charging that the defendant being the owner or lessee, or the agent of the owner or lessee of an opera house, did unlawfully and knowingly rent the same, or permit it to be used for certain exhibitions tending to corrupt the morals of the people.　The information is bad in charging the defendant with a large number of things in the alternative.

In such a case a judgment of the justice finding the defendant guilty of producing an entertainment tending to corrupt the morals of the people is wholly void where the justice also finds that the defendant owned the building in question, and rented the same to another person to be used for the entertainment in question.

In reversing such a judgment restitution is within the sound discretion of the appellate court, and it may reverse the judgment without awarding restitution, if the conduct of the defendant is shown to have been improper.

Argued May 13, 1908.　Appeal, No. 172, April T., 1908, by defendant, from judgment of C. P. Lawrence Co., June T., 1907, No. 73, affirming judgment of justice of the peace, in case of City of New Castle v. Genkinger.　Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Appeal from judgment of justice of the peace.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing certiorari.

*B. A. Winternitz*, for appellant.—The complaint is in the nature of an indictment and should contain a complete statement of the offense: Com. v. Gelbert, 170 Pa. 426; Com. v. Davison, 11 Pa. Superior Ct. 130.

The complaint does not charge defendant with any specific offense: Duck v. Chief Burgess, 7 Watts, 181; Com. v. Chatham, 33 Pa. C. C. Rep. 492; Carlisle v. Baker, 1 Yeates, 471; Com. v. Ayers, 17 Pa. Superior Ct. 352.

The record does not set out the provisions of the ordinance alleged to have been violated, nor the penalty provided therein: Flood v. Ashley Boro., 5 Kulp, 462; City v. Duncan, 4 Phila. 145; Com. v. Davenger, 10 Phila. 478; Fraily v. Sparks, 2 Pars. Sel. Eq. Cases, 232, 234; Com. ex rel. v. Hill, 12 Pa. C. C. Rep. 559; City v. Cohen, 13 W. N. C. 468; City v. Junker, 9 Pa. Dist. Rep. 673; Ridley Park v. Railway Co., 24 Pa. C. C. Rep. 3; Wilcox v. Knoxville Boro., 12 Pa. C. C. Rep. 641.

The conviction is not for the alleged offense or offenses charged in the complaint: Mayor, etc., v. Wards, 1 Phila. 517.

As there was no legal conviction the defendant was entitled to recover back the money paid by him to the alderman. It was not a voluntary payment, but a payment under duress: Harvey v. Girard Nat. Bank, 119 Pa. 212; Hospital v. Philadelphia County, 24 Pa. 229; De la Cuesta v. Ins. Co., 136 Pa. 62; Com. v. Gipner, 118 Pa. 379.

*James A. Chambers*, of *Akens, Wilkinson, Lockhart & Chambers*, for appellee.—The defendant took no appeal, but caused a writ of certiorari to be issued and had the proceedings reviewed in the court of common pleas and the judgment of that court is final therein and no writ of error lies from the same: Sec. 22, Act of March 20, 1810, 5 Sm. L. 161; 2 Purd. Dig. (13th ed.) 1452; Borough of Mahanoy City v. Wadlinger, 142 Pa. 308; Colwyn Boro. v. Tarbotton, 1 Pa. Superior Ct. 179; Com. v. Davison, 11 Pa. Superior Ct. 130; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Spicer v. Rees, 5

Rawle, 119; City v. Duncan, 4 Phila. 145; Com. v. Messinger, 13 Pa. Dist. Rep. 621; Com. v. Davenger, 10 Phila. 478.

The information was sufficient: Com. v. Burkhart, 23 Pa. 521; Com. v. Schoen, 25 Pa. Superior Ct. 211; Johnston v. Com., 22 Pa. 102; Com. v. Ayers, 17 Pa. Superior Ct. 352; McGinnis v. Vernon, 67 Pa. 149; Williams v. Com., 91 Pa. 493; Respublica v. Arnold, 3 Yeates, 417.

Where the record of the justice shows sufficient evidence to have warranted a court in submitting the question to a jury the record is sufficient: Com. v. Hardy, 1 Ashmead, 410; Com. v. Liller, 12 Lanc. Bar. 188; Byers v. Com., 42 Pa. 89.

Upon reversal of a justice's judgment, restitution is a matter of grace not of right: Schlager v. Borough of Nanticoke, 4 Kulp, 522; Leffingwell v. City of Wilkes-Barre, 4 Kulp, 494; Killeen v. Haddock, 4 Kulp, 408; Allentown v. Reinhard, 2 Lehigh County Law Jour. 154.

OPINION BY MORRISON, J., July 15, 1908:

This is an appeal and certiorari from the judgment of the common pleas dismissing a certiorari to a justice of the peace in the following form: "Now January 13, 1908, the certiorari is dismissed by the court." The judgment of the justice of the peace was in a summary proceeding for the collection of a penalty prescribed in an ordinance of the city of New Castle, approved March 22, 1904. While the paper-books print the case as "City of New Castle v. Jacob F. Genkinger," the record of the justice sent to the court of common pleas, in obedience to the certiorari, entitles the case: "Commonwealth of Pennsylvania v. Jacob F. Genkinger," and the record shows that the defendant was arrested on a criminal warrant, produced before the justice forthwith and judgment was entered against him as follows: "And I do hereby sentence said Jacob F. Genkinger, defendant, under sec. 3 of said act, to pay a fine of $100 and costs of suit, or in default of payment thereof to be committed to the county jail for a period of thirty days."

Counsel for appellee moves this court to quash the appeal on the ground that the judgment of the common pleas, in effect affirming the judgment of the justice, is final and no ap-

peal lies therefrom. In support of this motion counsel cites sec. 22, Act of March 20, 1810, 5 Sm. L. 161, and several decisions, some of which are the following: Borough of Mahanoy City v. Wadlinger, 142 Pa. 308; Borough of Colwyn v. Tarbotton, 1 Pa. Superior Ct. 179; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231. But these were civil cases and they are not exempt from the provisions of the act of 1810. In our opinion, however, they do not control the present case. We think it is of the character of cases covered by the following decisions: Commonwealth v. Davidson, 11 Pa. Superior Ct. 130, and cases therein cited; Reid v. Wood, 102 Pa. 312; Commonwealth v. Betts, 76 Pa. 465; Commonwealth v. Nesbit, 34 Pa. 398; Commonwealth v. Gelbert, 170 Pa. 426. The motion to quash is refused because the present case is not within the purview of the act of March 20, 1810. .

This brings us to the question of the validity of the judgment of the justice of the peace. The judgment of the court below was entered without an opinion and we are left in the dark as to the reasons of the learned court for that action. On petition, the court had originally awarded the certiorari to the justice, and the record was before the court and a motion to quash that certiorari had been refused, therefore we can only infer that the court below considered the judgment of the justice valid, and by dismissing the certiorari intended its affirmance. The question then is, can that judgment be sustained? Commonwealth v. Ayers, 17 Pa. Superior Ct. 352. The information before the justice of the peace for the commencement of the action was as follows: " Before me, the undersigned, William P. Morrison, alderman and ex officio Justice of the Peace in and for the said City and County, personally came Andrew McGill, Francis M. Biddle and J. H. Miller, who upon their oath administered according to law, deposes and says, that at New Castle in the county of Lawrence on the first day of May, A. D. 1907, the said defendant, Jacob F. Genkinger, being then and there the owner or lessee or the agent of the owner or lessee of a certain building, inclosure, hall, opera house, or other place of entertainment in said City where the public are invited, situated on South Mercer street in the

city of New Castle and known as the Opera House, did then and there unlawfully and knowingly rent the same or permit it to be used for the purpose of exhibiting and producing persons, pictures, figures, signs or objects, plays, productions or performances, that from their nature and character in whole or in part, and from the reputation and character and previous career of the persons taking part in said exhibition, play, production, and performance, had a tendency to incite to crime and to debauch and corrupt the morals and manners of the people there assembled, contrary to and in violation of the ordinance of City of New Castle, approved on the 22d day of March, A. D. 1904, and recorded in Ordinance Book, Vol. No. 6, page 220 of the record of ordinances for the City of New Castle." The record of the justice of the peace, in making up his judgment, does not quote the evidence taken before him nor does it contain a summary or the substance of the same. The material portion of the justice's record is as follows: Commonwealth of Pennsylvania v. Jacob F. Genkinger charge "renting and permitting the use of his building for an immoral exhibition or show." Then after some unimportant and immaterial matter comes the following: "From the above testimony, as taken in this case, I do find that the defendant did own a certain building on South Mercer street, in New Castle, Pa., and did rent same building known as the Opera House, for the use of a certain play or performance to which the public was invited, and said play did there produce certain figures, signs and performances, consisting of dances, songs, motions, acts and remarks, that from their nature and character did have a tendency to debauch and corrupt the morals of the people there attending, and I do find Jacob F. Genkinger guilty of violating section one, Act 1, of ordinances of the City of New Castle, approved March 22, 1904, recorded in ordinance book, vol. 6, page 220, etc., and I do hereby sentence said Jacob F. Genkinger, defendant, under section 3 of said Act, to pay a fine of $100 and costs of this suit, or in default of payment thereof to be committed to the county jail for a period of thirty days." Now turning to the ordinance recited by the justice we find that sec. 1 thereof makes it un-

lawful to exhibit or produce in any building, inclosure, hall, opera house or other place of entertainment in said city, to which the public are invited, any person, pictures, figures, signs or objects, plays, productions or performance whatsoever, etc. This section of .the ordinance is limited to the persons who exhibit or produce the things therein prohibited. But the judgment of the justice is against the defendant for renting his opera house to other persons, and it plainly appears that the defendant did not exhibit or produce the things prohibited by said section. The justice having found the defendant guilty of renting his building to others, if he was subject to a penalty therefor, it would have been under sec. 2 of said ordinance, which reads as follows: "It shall be unlawful for the owner or lessee or the agent of the owner or lessee of any building, inclosure, hall, opera house or other place of entertainment in said City, where the public are invited, to knowingly rent the same or permit it to be used for any of the purposes prohibited in section 1 of this ordinance and the use thereof for any such purpose is hereby prohibited." It will be noticed that the latter section prescribes the penalty for knowingly renting or permitting the opera house to be used for any of the prohibited purposes, but the record of the justice entirely fails to find that the defendant knowingly rented the opera house for any improper purpose. This of itself renders the judgment illegal and void. But the justice's record is fatally defective under the rule of Commonwealth v. Borden, 61 Pa. 272, where AGNEW, J., fully considers the essentials of a summary conviction, to wit: "Following this rule we cannot say that the record is insufficient, without requiring a strictness which would defeat most summary convictions. It sets forth the witnesses by name, that they were duly sworn, examined and cross-examined, what their testimony in substance was, and that no testimony was offered or produced by the defense. Had the justice merely set forth what he considered was the effect or the result of the evidence, it would have been insufficient according to some of the authorities cited above. But he gives the substance of the testimony itself. 'Substance,' says .Webster in his unabridged dictionary, is the essential part,

the main or material part." The magistrate's record in the present case does not meet the requirements of the law and the judgment could not be sustained independently of the fatal error in convicting the defendant under sec. 1 of the ordinance, while his offense, if he committed any, was that described in sec. 2, and he could not be convicted under sec. 2, without the justice finding that he knowingly rented his opera house for the purposes prohibited by the ordinance.

It will be noticed that the justice does not find that the facts set forth in the information are true, nor does he set forth the substance of the testimony of the witnesses. But if he had found the information true it would be insufficient because we consider it hopelessly bad in charging the defendant with a large number of the things in the alternative. The information does not sufficiently charge the defendant with unlawfully and knowingly renting the premises for an improper purpose, because the language is "did then and there unlawfully and knowingly rent the same or permit it to be used for the purpose of exhibiting and producing," etc. He should have been charged with renting the opera house, if that was the fact, and of permitting it to be used for the improper purpose, if that was what was meant. It is not sufficient to say that he did one thing or another thing in respect to the offense charged. Moreover, the information is bad in charging that the defendant was the owner or lessee or the agent of the owner or lessee of a certain building, inclosure, hall, opera house or other place of entertainment where the public are invited, etc. The information ought to have charged that he was the owner, if such was the fact, if he was the lessee it should be so charged, and if he was the agent it should have so stated; it is not sufficient to charge owner or lessee or the agent of the owner or lessee of the building.

This leaves undisposed the question of restitution. The evidence does not present the conduct of the defendant in a light favorable to him. We would not reverse the judgment on the merits, but feel constrained to reverse on legal and technical grounds alone. Restitution in a case of this char-

acter is within the sound discretion of this court, and therefore we refuse to award restitution.

The judgments of the common pleas court and of the justice of the peace are reversed at the costs of the city of New Castle.