## City of Bethlehem v. Durning.

*Practice, C. P.—Cash bail—Return of—Fines imposed by justice—Restitution.*

Where a petition was presented setting forth that petitioner had furnished cash bail to secure his release from custody; that the alderman had imposed a fine upon him; and that, upon *certiorari* to this court, his case was reversed, it is not good practice to enter a rule on the alderman to show cause why the money should not be returned. A writ of restitution should be asked for.

Restitution is a matter within the sound discretion of the court, and should be refused where the evidence does not present the applicant in a favorable light.

Rule to show cause why bail money should not be returned. C. P. Northampton Co., Nov. T., 1920, No. 98.

*Geo. R. Booth*, City Solicitor, for plaintiff; *D. L. McCarthy*, for defendant.

STEWART, P. J., April 11, 1921.—This was a rule on an alderman to show cause why bail money should not be returned to the petitioner, who was the defendant in an action, City of Bethlehem v. Durning, 17 Northamp. Co. Repr. 353; 30 Dist. R. 727. We reversed the judgment in that case. The present petition sets forth that the petitioner was found guilty by the alderman, who imposed a fine of $50 and costs; that thereafter petitioner furnished $105 cash bail to secure his release from custody, and that within five days petitioner entered into a recognizance before the prothonotary of this court in the sum of $150, conditioned for the payment of said fine and costs, and all costs that might thereafter accrue; that after the case was reversed, a demand was made upon the alderman for the cash bail, and that the alderman returned $52.50 and refused to return the balance, $52.50. An answer was filed to the petition, setting forth that the alderman had paid over the said $52.50 to the City of Bethlehem, and that the petitioner must make the City of Bethlehem a party to this proceeding, and that he must ask for a writ of restitution, directed to the City of Bethlehem, if he wishes to get his money back. It is a question whether a rule is the proper procedure in this

1 D. & C.

case. In the excellent address of the late Chief Justice Mitchell before the Law Academy of Philadelphia, no mention is made of any rule like the present, and from his discussion of the subject it is questionable whether it is within the scope of a rule to order the payment of money in a case like the present. It is, however, argued by the learned counsel for the petitioner that under Rule 46 the *certiorari* became a *supersedeas*, and that the alderman acted in contempt of court when he paid the money over to the City of Bethlehem. The date of the payment does not appear in the answer, but the learned counsel for the city suggests that when the writ of *certiorari* issued without an *allocatur*, the alderman was not bound to consider it as a *supersedeas*. That phase of the question was discussed in a number of similar cases, one of which [was] City of Bethlehem *v.* Catalano et al., 17 Northamp. Co. Repr. 382; 30 Dist. R. 824, where we held that while an *allocatur* should be had, yet, under certain circumstances, it might be waived, and that it could be allowed *nunc pro tunc*. It would be, however, a dangerous step for an alderman ordinarily to decide this matter himself, and if that were all that there was in the case, we would make short work of it, but the fact is that the money is now in the hands of one of the parties to the original suit, to wit, the City of Bethlehem, and, as a matter of practice, a writ of restitution is the proper way to get it back. In Schlager *v.* Nanticoke Borough, 4 Luzerne Legal Reg. Reps. 244, President Judge Rice said, after reversing the judgment: "Upon the question as to the power and duty of the court to order the borough, which was only a nominal plaintiff in the proceedings, to make restitution to the defendant of the fine and costs paid by him under compulsion, we have some doubt. But in order to give the parties an opportunity to be heard on that question, we will enter a rule to be argued at next argument court." In Leffingwell et al. *v.* City of Wilkes-Barre, 4 Luzerne Legal Reg. Reps. 494, the same judge said: "The question as to duty and power of the court to order restitution upon reversal of a judgment of an inferior magistrate was examined by us in the case of Schlager *v.* Nanticoke Borough. It seems not to be a matter of right, but of grace, and rests in the sound discretion of the court. After a careful reconsideration of the question and examination of this record, we are of opinion that, in the exercise of the undoubted discretion of the court, this motion should be denied." In New Castle *v.* Genkinger, 37 Pa. Superior Ct. 21, Judge Morrison said: "This leaves undisposed the question of restitution. The evidence does not present the conduct of the defendant in a light favorable to him. We would not reverse the judgment on the merits, but feel constrained to reverse on legal and technical grounds alone. Restitution in a case of this character is within the sound discretion of this court, and, therefore, we refuse to award restitution." We referred to the same subject in South Bethlehem Borough *v.* Weiland and Reiter, 11 Northamp. Co. Repr. 118, and quoted what President Judge Trexler said in City of Allentown *v.* Reinhard, 2 Lehigh Co. L. J. 154, as follows: "Restitution is a matter of grace. I do not think that I should award it in this case unless it is plain that the defendant was unjustly fined. To raise that question he should have asked for an appeal. As the matter is before me, it is merely an attempt of the defendant to escape through the fact that the record of the justice was not made up fully." That quotation expresses the situation. If petitioner was unjustly fined, he should have asked for a trial on the merits and appealed, but, instead of doing that, he asked for a *certiorari*. The cases cited by the learned counsel for the petitioner, Wilcox *v.* Knoxville Borough, 12 Pa. C. C. Reps. 641, and Bailey *v.* Jefferson Township, 21 Pa. C. C. Reps. 20, are not in point. They simply decide as to the right of the defendant to elect

whether he will appeal or ask for a *certiorari.* From what is set forth in the record of the case, and in the evidence set forth in the alderman's return, setting aside all technical objections, and considering this as an application for a writ of restitution, we do not feel that it should be granted.

And now, April 11, 1921, rule is discharged and writ of restitution is denied.

From Henry D. Maxwell, Easton, Pa.