## Kizevich *v.* Tarutis et ux., Appellants.

*Courts—Common Pleas—Jurisdiction—Appeals—Certiorari.*

A judgment of the Court of Common Pleas is final upon a certiorari to the judgment of the justice of the peace in an action brought under the Act of March 20, 1810, 5 Smith's Laws, 161.

The Act of May 9, 1889, P. L. 158, providing that all appellate proceedings in the Supreme Court theretofore taken by writ of

error, appeal or certiorari, should thereafter be taken in a proceeding called an appeal did not extend the right of . review, or change its extent in cases already provided for, or modify in any manner its exercise.

Argued March 7, 1927.   Appeal No. 21, February T., 1927, by defendants from judgment of C. P. Luzerne County, March T., 1926, No. 528, in the case of Peter Kizevich v. Jacob Tarutis and Mary Tarutis, his wife.   Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.   Appeal quashed.

Certiorari to the judgment of a justice of the peace. Before Jones, J.

The opinion of the Superior Court states the case.

The court affirmed the judgment of the justice of the peace.   Defendants appealed.

*Errors assigned* were in dismissing various exceptions to the judgment of the justice of the peace and the decree of the court.

W. L. Pace, for appellants.

No appearance and no printed brief for appellee.

Opinion by Porter, P. J., July 8, 1927:

This is a civil action to recover a debt alleged to be due for work and labor done, which was commenced and successfully prosecuted before a justice of the peace.   The record was removed by the defendants by certiorari to the Court of Common Pleas of Luzerne County, where the judgment of the magistrate was affirmed, and from the decision of that court this appeal was taken.   No brief was filed in this court on behalf of the appellee, nor was there an appearance of counsel at the argument, and hence no question was raised in this court as to the right of the defendants to maintain

this appeal. The case is, however, clearly within the provisions of the Act of March 20, 1810, 5 Smith's Laws 161, paragraph 22 and 24. This being so the question of the jurisdiction of this court to entertain the appeal confronts us, and that question we cannot ignore.

By the 22nd section of the Act of March 20, 1810, the judgment of the Common Pleas upon certiorari to the judgment of a justice of the peace in actions brought under that statute was final, "and," to quote the language of the Act, "no writ of error shall issue thereon." The Act of May 9, 1889, P. L. 158, providing that all appellate proceedings in the Supreme Court theretofore taken by writ of error, appeal or certiorari, should thereafter be taken in a proceeding called an appeal, does not extend the right of review, or change its extent in cases already provided for, or modify in any manner its exercise. The judgment of the Common Pleas, upon certiorari, affirming the judgment of the justice of the peace was final, and the defendants are not entitled to have that judgment reviewed in the appellate court: Colwyn v. Tarbotton, 1 Pa. Superior Ct. 180; Carroll v. Barnes & Erb Co., 11 Pa. Superior Ct. 590; Mahanoy City Boro. v. Wadlinger, 142 Pa. 308.

The appeal is quashed.