## BOR. OF MAHANOY CITY v. A. M. WADLINGER.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 18, 1891—Decided May 11, 1891.

1. An action brought by a borough before a justice of the peace, under § 7, act of April 15, 1835, P. L. 292, to recover the penalty provided by an ordinance prohibiting an act not an indictable or public offence, is a civil action within the provisions of § 22, act of March 20, 1810, 5 Sm. L. 171.

2. Wherefore, the judgment of the Court of Common Pleas, reversing the proceedings before the justice, in such a case, is final, and no writ of error to the Supreme Court (or appeal, under the act of May 9, 1889, P. L. 158), shall issue thereon: Spicer v. Rees, 5 R. 119; Penna. Pulp Co. v Stoughton, 106 Pa. 458.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 60 January Term 1891, Sup. Ct.; court below, No. 282 November Term 1889.

On October 14, 1889, in an action brought before a justice of the peace by the borough of Mahanoy City against A. M. Wadlinger and others, partners as A. M. Wadlinger & Sons, to recover the penalty provided for the violation of an ordinance prohibiting the erection and maintenance of a slaughter-house, to the nuisance "of any neighbor or any person whatsoever," the justice entered judgment for the plaintiff for the amount of the penalty, to wit, $25. Thereupon the defendants took a writ of certiorari.

The justice's record of the proceedings having been returned to the court below, the defendants filed exceptions. Said exceptions having been argued, the court, BECHTEL, J., entered the following order: "And now, September 2, 1890, proceedings set aside for the reasons verbally stated." Thereupon, the plaintiff took this appeal, assigning said order for error.

On February 16, 1891, in the Supreme Court, the defendants, appellees, moved the court to quash the appeal taken, for the following reasons:

1. A writ of error, certiorari or appeal does not lie to review the judgment of the Court of Common Pleas upon certiorari to the judgment of a justice of the peace, in a proceeding under the act of March 20, 1810.

2. The judgment of the court below in this case is final, and not the subject of review by this court.

3. The Supreme Court have no jurisdiction to review the proceedings of the court below in this case.

*Mr. James Ryon* (with him *Mr. T. H. B. Lyon*), for the appellant.

Counsel cited, against the motion to quash : Section 2, paragraphs I., XIII., XIV., XVI., XXI., act of April 3, 1851, P. L. 320; Clark v. Yeat, 4 Binn. 185; Clarke v. Patterson, 6 Binn. 128; Commonwealth v. Burkhart, 23 Pa. 521; Fetterman v. Robbins, 100 Pa. 282.

*Mr. Geo. J. Wadlinger*, for the appellees.

For the motion to quash, counsel cited : (1) Section 7, act of April 15, 1835, P. L. 292; § 7, act of April 5, 1849, P. L. 410; act of April 17, 1876, P. L. 29.   (2) Sections 1, 22, 24, act of March 20, 1810, 5 Sm. L. 161; Penna. Pulp Co. v. Stoughton, 106 Pa. 458; Palmer v. Lacock, 107 Pa. 346; Borland v. Ealy, 43 Pa. 111; Silvergood v. Storrick, 1 W. 532; Cozens v. Dewees, 2 S. & R. 112.

OPINION, MR. JUSTICE McCOLLUM :

This was an action of debt, commenced and successfully prosecuted before a justice of the peace, for the recovery of the penalty prescribed for the violation of a borough ordinance. The record was removed by certiorari to the Court of Common Pleas, where the judgment of the magistrate was reversed, and from the decision of that court this appeal was taken.   When the case was called for argument here, a motion was made to quash the appeal, on the ground that the judgment of the Common Pleas was final, by force of the twenty-second section of the act of March 20, 1810, 5 Sm. L. 171.

It is provided by the seventh section of the act of April 15, 1835, P. L. 292, that " the alderman and justices of the peace of every city, incorporated township, and borough in this com-

monwealth, shall have power to hear and determine all actions of debt for penalty, for the breach of any ordinance, by-law or regulation of such city, township, or borough, in the same manner and subject to the same right of appeal as debts under one hundred dollars; " and that such action " shall be instituted in the corporate name of such city, township, or borough." It is provided by § 2 of ordinance No. 8 of the borough of Mahanoy City " that, if any person or persons shall use or occupy any slaughter-house, or other building in connection therewith, so as to annoy or offend any neighbor or any person whatsoever, or shall keep at or near a slaughter-house or other building aforesaid any offal or filth whatsoever which shall annoy or offend any neighbor or any person whatsoever, every person so offending shall forfeit and pay a penalty of not less than five nor more than fifty dollars for the use of the borough." The present suit was brought under the act, for an alleged violation of the ordinance we have quoted, and our inquiry is whether it falls under the provisions of §§ 22 and 24 of the act of 1810.

The act for which the ordinance prescribes a penalty is not an indictable or public offence. The person injured by it might maintain an action against the party committing it for the recovery of his damages, but there is no element of criminality in it. The proceeding to recover the penalty is a civil action, to be prosecuted in the same manner as actions of debt for a like amount, and subject to the same right of appeal. The plain purpose of the act of 1835 was to give to the justices of the peace jurisdiction of suits for penalties for the violation of municipal ordinances, and to make the procedure therein subject to the laws governing other civil actions within their jurisdiction. In Spicer v. Rees, 5 R. 119, it was held that an action for a penalty for the violation of a city ordinance was within the provisions of the act of 1810; and the authority of this case was recognized in Commonwealth v. Betts, 76 Pa. 465, to the extent " that where the action is by a private citizen in debt for a popular penalty, it is such a civil action as may not be removed by certiorari or writ of error." In the case last cited, it was determined that an action in the name of the commonwealth to recover a penalty for a statutory offence was not a civil action within the meaning of §§ 22 and 24 of the act of 1810, but that it was in effect a proceeding for a criminal of-

fence, " the supervision of which the essential interests of the public require to belong to this court."

The case at bar is within the principle settled by Spicer v. Rees. It is an action for a penalty prescribed for the violation of a borough ordinance. It is brought by the municipality, which, under the ordinance, is entitled to the penalty. It is as clearly a civil action as if brought by a private citizen under an ordinance which gave him one half the penalty and the municipality the other half of it. In Penna. Pulp Co. v. Stoughton, 106 Pa. 458, it was ruled that an act enlarging the jurisdiction of magistrates, and extending the affidavit of defence law to their courts, placed the cases arising under it subject to the restrictions as to review imposed by §§ 22 and 24 of the act of 1810. We are of opinion that these restrictions are applicable to the case before us, and that it is not, therefore, reviewable here.

　　　　　　　　　　　　　　　　The appeal is quashed.