# Commonwealth to use, Appellant, *v.* Atlantic Refining Company.

*Courts—County Court of Allegheny County—Jurisdiction—Appeals in civil suits—Penalty under Act of June 28, 1879, P. L. 179—Selling ungauged liquid merchandise.*

A suit before a magistrate to recover the penalty provided by the Act of June 28, 1879, P. L. 179, is a civil action; and where a judgment against the defendant in such a suit has been appealed to the County Court of Allegheny County, and such judgment reversed, an appeal from the judgment of the County Court lies exclusively to the Common Pleas of Allegheny County under the various acts creating and regulating the procedure, in the county court of Allegheny County. If an appeal is taken from the judgment of the County Court to the Superior Court, such appeal will be quashed.

Argued May 4, 1916. Appeal, No. 49, April T., 1916, by plaintiff, from judgment of County Court of Allegheny Co., at No. 116, 1915, reversing judgment of magistrate in case of Commonwealth to use of City of Pittsburgh v. Atlantic Refining Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Appeal from judgment of County Court of Allegheny County.

The case turned upon the jurisdiction of the Superior Court to hear the appeal.

*Error assigned* was the judgment reversing judgment of magistrate.

*C. A. O'Brien,* City Solicitor, and *B. J. Jarrett,* Assistant City Solicitor, for appellant.

*J. Merrill Wright,* for appellee.

OPINION BY HENDERSON, J., July 13, 1917:
This is an appeal from the judgment of the County

Court of Allegheny County. The action was begun January 19, 1915, before a magistrate of the City of Pittsburgh to recover the penalty provided by the Act of June 28, 1879, P. L. 179, for selling liquid merchandise (oil) in barrels before the same had been gauged and marked by the city gauger. Judgment was entered in favor of the plaintiff on January 25, 1915, for fourteen dollars, that being one dollar for each barrel of oil sold. On January 30, 1915, a petition was presented by the defendant to the County Court for leave to appeal, which petition was the same day allowed. On June 17, 1915, judgment was rendered in favor of the defendant in the County Court, from which judgment this appeal was taken. The act referred to provides in the first section that any person who shall sell or offer for sale in any of the cities aforesaid (of the second class) any liquid merchandise in casks, barrels or other vessels before the same shall have been gauged and marked by the gauger shall forfeit and pay the sum of one dollar for each cask or barrel or other vessel offered for sale. The third section provides that the penalties prescribed by the act shall be recoverable as provided for by the ninth section of the Act of April 5, 1862. The thirteenth section of the last named act directs that all penalties provided by this act shall be recoverable as debts of like amount are now by law recoverable by suit in the name of the mayor, alderman and citizens of Pittsburgh, one-half for the use of the mayor, alderman and citizens of Pittsburgh, and the other half for the use of parties suing for the same. The Act of May 5, 1911, creating the County Court gives jurisdiction to that tribunal: (a) in all civil actions wherein only a money judgment is sought to be recovered where the amount does not exceed $600; (c) in all cases of appeals from summary convictions and judgments in suits for a penalty before a magistrate or court not of record as provided by law, and the jurisdiction in clause "C" is made exclusive. Section 9 of the act authorizes an appeal by either party to the Court of Com-

mon Pleas within ten days after the entry of any judgment in any civil action in the manner therein prescribed. The Act of 1913, P. L. 17, provides in section one that in all civil suits before a justice of the peace the appeal should be taken to the County Court. Under these statutes therefore, judgments in all civil suits before justices of the peace or other magistrates having like jurisdiction are appealable to the County Court. Section 9 of the Act of April 2, 1913, amending the Act of May 5, 1911, provides that either party may within ten days after the entry by the County Court of any judgment in any civil action appeal therefrom to any Court of Common Pleas of the county in the manner prescribed therein. It will thus be seen that the only provision for an appeal from the judgment of a magistrate or court not of record in a suit for a penalty is to the County Court and that the only appeal from judgment in a civil action in the County Court is to the Court of Common Pleas. If a suit for a penalty is a civil action it is clear that the plaintiff's remedy was by appeal to the Court of Common Pleas and not to the Superior Court. That the proceeding before the magistrate was a civil suit seems established by the authorities. Such was the conclusion in Spicer v. Rees, 5 Rawle 119, which was an action for a penalty prescribed by a city ordinance founded on an act of assembly. Of the same import is Boro. of Mahanoy City v. Wadlinger, 142 Pa. 308, which was an action for a penalty under a borough ordinance forbidding any person from occupying a slaughter-house or any building in connection therewith so as to annoy or offend any neighbor or any person whatsoever. The court held that the case was not of a criminal nature but was a civil action to recover the penalty provided for by the ordinance. Com. v. Betts, 76 Pa. 465, was decided on the same principle. The same question arose in Schweitzer v. Emert, 55 Pa. Superior Ct. 176. That was an action before a justice of the peace to recover the penalty provided by the Act of May 26, 1897, P. L. 100, for

the taking of illegal fees by a county officer.   We held in that case that the action before the justice was a civil one and was in no sense of a criminal nature.   We have, then, a civil suit commenced before a magistrate and appealed to the County Court.   To what tribunal may an appeal be taken from the judgment of that court?   The answer is to be found in the language of the statutes creating and defining the jurisdiction of the County Court.   The Act of 1913, as we have seen, gives an appeal to the Court of Common Pleas "in any civil action" and the Act of April 9, 1915, amending sections 8 and 9 of the Act of May 5, 1911, provides that any party shall be entitled within ten days from the date of judgment or within such further time as the Court of Common Pleas may grant to a writ of certiorari, to remove the record to any Court of Common Pleas of said county in the manner as now provided by law in regard to writs of certiorari issuing out of said Court of Common Pleas. It is not contended that there is any express legislation allowing this appeal to the Superior Court and we think the conclusion follows from the terms of the several acts of assembly relating to the County Court that the appeal should have been taken to the Court of Common Pleas of Allegheny County.   The result of our examination is that this court is without jurisdiction to hear the appeal.   It is therefore quashed.