## Cantwell et al. v. McKean County

*Gallup, Potter & Gallup,* for defendant.

HUBBARD, P. J., March 14, 1944.—The same issue is to be decided in the three above-entitled cases. This opinion will apply to them all and a copy will be filed in each case.

In these actions the court has been asked to decide whether or not the jury commissioners and their clerk are entitled to receive compensation for services rendered at a place in the county other than the seat of justice. There is no dispute as to the facts. Plaintiffs, the jury commissioners and their clerk, ask compensation for 12 days, during 11 of which their work was performed in Bradford, in this county, and during one of which the work was performed in Smethport, the county seat. The jury commissioners are also asking for $2.40 each for mileage (for the day they worked in Smethport) from Bradford, where they both reside, to Smethport and return.

As the reason for performing most of the work in Bradford, the cases stated allege "gasoline shortage, inability to secure tires for automobiles, and because there is no public bus, train or other daily service between the City of Bradford and the seat of justice".

It is agreed that no names have been placed in the jury wheel and that names will be placed therein only when the jury commissioners are rendering their services in the room provided for them in the courthouse at Smethport.

The question for decision is whether or not the jury commissioners and their clerk are entitled to be compensated for preliminary work, in getting the names ready for the drawing, performed outside the county seat. Are the words "duty . . . to meet at the seat of

justice", as used in the Act of April 10, 1867, P. L. 62, sec. 2, mandatory or merely directory?

A very recent case shedding light on this subject is Baldwin Appeal, 153 Pa. Superior Ct. 358. This case holds (p. 361):

"Whether a particular statute is directory or mandatory does not depend upon its form, but upon the intention of the legislature, which is to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. . . . It has been repeatedly said that whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required."

In the cases before us the *thing required* is the selecting and placing the names of qualified persons in the jury wheel. The placing of the names in the jury wheel will, as agreed in the petition, be done at the county seat, in the jury commissioners' office. But the matter to be decided at this time is in regard to work performed prior thereto. That the jury commissioners should meet at the seat of justice is not, in our judgment, of the essence of the preliminary work. We fail to see that any evil consequences can result from the preliminary work being performed outside the county seat. Considering the entire act of assembly in question and its manifest object, we are of the opinion that the words under consideration were not intended to be mandatory. It is not questioned that the work of the jury commissioners and their clerk has been performed in good faith. In our judgment, it would be an unduly harsh and unwarranted construction of the law to deprive them of the stipulated compensation. *Especially* during these times when the conservation of gasoline and tires is mandatory, and in view of inadequate bus service between Bradford and the county seat and of

the absence of train service between these places, insistence that these officials should perform their preliminary work at the county seat would cause an unnecessary hardship, and since the provision in question is obviously not mandatory the legal compensation should be paid by the county.

Now, March 14, 1944, it is directed that judgment be entered in favor of Frank H. Cantwell and against the County of McKean in the sum of $74.40; that judgment be entered in favor of Mabel A. Beatty and against the County of McKean in the sum of $74.40, and that judgment be entered in favor of Elmer C. Beatty and against the County of McKean in the sum of $60. It is directed that the costs be paid by the County of McKean.