York & Foster, Inc. Tax Assessment Case.

Argued April 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*T. P. Dunn,* for appellant.

*J. B. Held,* County Solicitor, for appellee.

PER CURIAM, July 19, 1945:
This is an appeal from the county assessment of land

in the Borough of Union City for the year 1942. The premises involved are described in the opinion of the lower court as "a chair factory consisting of a three-story steel and concrete building 400 feet x 83 feet, a one-story machine shop 406 feet x 50 feet, a two-story brick office building 72 feet x 24 feet, a dry kiln 45 feet x 108 feet, an old saw mill and barn, and some lumber sheds, all located on a piece of land of considerable size but of no great value". The lower court sustained an assessment for county tax purposes of $67,420.

At first view, the extent of the improvements on the land appear to justify the assessment. But other considerations are factors which require a reduction. County assessments for the year were on the basis of 65% of actual value. Projected on this basis the assessment is the equivalent of a determination of actual value (i. e., market value, *Pennsylvania Stave Company's Appeal*, 236 Pa. 97, 84 A. 761; *Suermann v. Hadley*, 327 Pa. 190, 193 A. 645) at $103,738. Against this finding there is the fact that the appellants bought the entire property in October 1939 for $25,000. The former owner was a man of wealth and this was not a distress sale in any sense. The property had been on the market for a number of years and this was the best price he was able to get. More than land and buildings passed to the purchaser for the consideration of $25,000; the sale included finished products and those in process, lumber, mill supplies, finishing materials and trucks and automobiles. While sale price is not controlling (*Hickey's Appeal*, 326 Pa. 467, 192 A. 923) yet in this case it is an element of some weight. The only industry of importance in the borough is the manufacture of low priced chairs. The premises in question were always a furniture factory and are so used by appellants. The buildings were designed for that single purpose and are not adapted to general uses; they are not of modern construction and some of them have been abandoned. The market value of the plant is adversely affected by

the uncertainty of making a profit in a highly competitive field, under existing conditions in the borough. The lower court recognized the sale price of this property as evidence of some weight bearing on market value, in a prior order made on June 14, 1940. In a former appeal, from the 1939 assessment of the property at $67,000, the court with the consent of the county reduced the assessment to $40,000. Although it is argued that this was a disposition of that appeal by agreement, the order refers to testimony "that the assessed valuation of $67,000 exceeded the fair value of the property."

We think $40,000 is the limit of value for assessment purposes in the present appeal, and that the assessment should be reduced accordingly. The fact that assessments of the other three chair factories in the borough may be comparable with the amount fixed by the assessor in this case, is not controlling on the principle of uniformity. An assessment above fair value of one type of property cannot be sustained merely because other properties of the same kind are also over-assessed. The principle of uniformity requires equalization of assessments with "similar property" (*Allentown's Appeals*, 147 Pa. Superior Ct. 385, 24 A. 2d 109) or, stated another way, "all property of the same nature must be taxed alike": *Harleigh Realty Co.'s Case*, 299 Pa. 385, 149 A. 653. This rule stems from the mandate of article IX, §1, of our state constitution that "all taxes shall be uniform, *upon the same class of subjects*, within the territorial limits of the authority levying the tax." (Italics added.) "Similar property" or "property of the same nature" means property of "the same class" under the constitution, and all real property within a district is in one single class for the purposes of assessment. *Dela., L. & W. R. R. Co.'s Tax Assmt. (No. 1)*, 224 Pa. 240, 73 A. 429. Cf. *Clearfield B. C. Corp. v. Thomas*, 336 Pa. 572, 9 A. 2d 727. Therefore in this instance there cannot be one standard of assessment for one type of real property, i. e., chair factories,

and another standard for determining values of lands used for dwelling purposes. Under the constitution, each owner of land may be required to pay in taxes no more than his proportionate share of the cost of government based on the value of his land, determined by a uniform standard of ascertaining value and applied uniformly to all taxable land in the district. Uniformity of taxation means "equality of tax burden". *Moore v. Pittsburgh Sch. Dist.,* 338 Pa. 466, 13 A. 2d 29. Evidence of extremely low assessments of dwelling properties in the borough in this instance prevent our sustaining the assessment, in question, on the ground of uniformity, thus distinguishing this appeal from *McConomy Tax Assessment Case,* 156 Pa. Superior Ct. 264, 40 A. 2d 99.

Order modified by a reduction in the assessment to $40,000.