Pleasant Hills Borough *v.* Carroll, Appellant.

Argued April 9, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James D. Morton,* with him *Smith, Buchanan, Ingersoll, Rodewald & Eckert,* for appellant.

*Louis Rosenberg,* for appellee.

OPINION BY WOODSIDE, J., October 3, 1956:

This is an appeal from the County Court of Allegheny County, adjudging appellant guilty of violating a borough tax ordinance.

The Borough of Pleasant Hills in Allegheny County enacted an ordinance on January 27, 1954, imposing a wage tax.

An information was made against Herbert R. Carroll by the borough tax collector before a justice of the peace of the borough on May 23, 1955, charging him with failure to file borough tax returns and pay the tax required by the ordinance for the year 1954. A summons was issued thereon to the chief of police. The transcript of the justice of the peace shows that "Defendant voluntarily appeared on May 25, 1955, and insisted upon posting bond in the amount of $500 for his appearance at a hearing on the 2nd day of June, 1955."

After obtaining a continuance, the defendant appeared at a hearing at which both the borough and he introduced evidence, although defendant waived his right to testify. The justice of the peace found the defendant guilty, and directed him to pay fines of $50 or, upon failure to pay said fines, be imprisoned in the Allegheny County Jail for a period of ten days, on each of four charges of failure to file a quarterly tax return. The defendant was also found guilty of failure to make payment of the taxes owed, or which would have been shown to be owed, for said quarters, but sentence was suspended on these violations.

On July 18, 1955, the appellant presented to the County Court of Allegheny County a "Petition for Allowance of Appeal," and entitled the same "Appeal from summary conviction before Odelia C. Erdman, a justice of the peace." In Paragraph 11 thereof he asserted his conviction and sentence were unlawful, illegal and void for numerous reasons.

The court below granted the appeal and President Judge LENCHER heard the case de novo. Again defendant was adjudged guilty of the offense of failure to file

tax returns and to pay the tax and was sentenced to pay the costs only.

Defendant appealed, now raising only three questions.

First, he contends the ordinance is invalid because it does not contain a statement that it was enacted under the authority of the Act of June 25, 1947, P. L. 1145, and its amendments.

The above act of 1947 is the so-called "Tax Anything Act." By the Act of May 27, 1953, P. L. 234, the Act of 1947 was amended in a number of particulars included among which was the following addition to section 1: "Every ordinance or resolution which imposes a tax under the authority of this act shall impose such tax for one year only and shall be passed or adopted, if for a school district, during the period other school taxes are required by law to be levied and assessed by such district. Each ordinance and resolution shall state that it is enacted under the authority of the act of June twenty-fifth, one thousand nine hundred forty-seven (Pamphlet Laws 1145) and its amendments." 53 PS §2015.1.

Section 2 of the Act of 1947 as amended, 53 PS §2015.2 provides that prior to the adoption of an ordinance under the "Tax Anything Act" the intention to do so shall be advertised. As required by this section the Borough of Pleasant Hill duly advertised its intention to pass the tax ordinance under which the appellant's case arose, and in the advertisement stated that the ordinance was being enacted "under the authority of the Act of June 25, 1947, P. L. 1145 and its amendments." The ordinance itself contained no such statement. The appellant contends that this omission is fatal because the provision of the Act of 1953 requires this information to be in the ordinance. The borough

contends that this provision is directory and not mandatory.

Except when relating to the *time* of doing something, statutory provisions containing the word "shall" are usually considered to be mandatory, but it is the intention of the legislature which governs, and this intent is to be ascertained from a consideration of the entire act, its nature, its object and the consequences that would result from construing it one way or the other. *Baldwin Appeal,* 153 Pa. Superior Ct. 358, 33 A. 2d 773 (1943) ; *York & Foster, Inc. Tax Assessment Case,* 163 Pa. Superior Ct. 602, 63 A. 2d 358 (1949).

Stating in the advertisement that the ordinance is being enacted under the authority of the Act of 1947, is, in our opinion, substantial compliance with the Act of 1953, and failure to state it again in the ordinance does not nullify the ordinance. The borough did inform those subject to its taxing power that the taxing ordinance in question was being enacted under the authority of the Act of 1947. The statutory provision that this information be contained in the ordinance rather than the advertisement we hold to be directory and not mandatory. It should be noted that the tax can be imposed for only one year, and a new ordinance must be enacted to extend the tax for another year. The contents of an advertisement are not likely to be overlooked or unknown to one affected by an ordinance so recently passed, as they would be to one affected by an ordinance passed a decade or more before.

To hold that a provision is directory rather than mandatory, does not mean that it is optional—to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the *effect* of non-compliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceedings to which it relates ille-

gal and void; it is directory when the failure to follow it does not invalidate the proceedings.

Whether a particular statute is mandatory or directory, does not depend upon its form, but, as we stated above, upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences which would result from construing it one way or the other.

While the borough should have complied with the act by placing the required provision in the ordinance, its failure to do so does not invalidate the ordinance nor entitle the appellant, who has not shown that he was injured, to avoid payment of a tax which he himself tells us was paid by 97% of his fellow citizens of the borough.

The interpretation suggested by the appellant is not necessary for the protection of citizens from unjust and inequitable taxation, or from the overreaching of the tax authorities; but it would permit unwarranted exemptions from taxation. Such an interpretation cannot be sustained. See *Baldwin Appeal*, supra.

Secondly, the appellant contends that the action brought against him was a summary conviction which is not a proper proceeding to enforce the penalty provisions of a borough ordinance.

Appellant states in his brief that a warrant was issued for him but the transcript of the justice of the peace shows it was a summons. The transcript also shows that the defendant, who was a lawyer, "insisted upon posting bond." It appears to have been the defendant, rather than the borough, who insisted in treating the action as a summary proceeding. The case was, however, erroneously captioned in the name of the Commonwealth. Suits for penalties should be brought in the name of the borough.

The late President Judge HARGEST, one of the ablest and most respected of the common pleas judges to serve this Commonwealth, observed in *Steelton v. Rashinsky,* 33 Dauphin 227, 229 (1930) that "There are few subjects of procedural law upon which so much learning has been expended (and perhaps wasted, considering the amounts involved and the results obtained) as that distinguishing a summary conviction from a suit for a penalty and determining the proceedings in each."

He concluded after a thorough review of the law that an action brought for the recovery of penalties due a borough is a civil proceeding. See also: *Borough of Mahanoy City v. Wadlinger,* 142 Pa. 308, 21 A. 823 (1891); *Commonwealth to use, Appellant v. Atlantic Refining Co.,* 67 Pa. Superior Ct. 551 (1917); *Sweitzer v. Emert,* 55 Pa. Superior Ct. 176 (1913); *Harrisburg v. Schaflander,* 69 D. & C. 141 (Dauphin 1948); *Commonwealth v. Morand,* 67 Dauph. 344 (1955); *Commonwealth v. Clark (No. 1),* 14 Lanc. L.R. 41 (1896); *Commonwealth v. Weachter,* 22 Montg. L.R. 198 (1906).

In all the above cases, the question related to jurisdiction, and generally to which court an appeal should be taken. Here, whether a summary conviction or a civil action for debt, the case would be appealable to the same court, as the County Court of Allegheny County has jurisdiction of appeals from both summary convictions and judgments in suits for a penalty: Act of May 5, 1911, P. L. 198, Section 6(c), 17 PS §626 (c). Whether called a summary conviction or a suit for penalty, the procedure would have been substantially the same, except where the appellant himself elected to proceed as though the action were a summary conviction rather than a suit for a penalty.

The question is whether the defendant filed the reports and paid the tax as required by the ordinance. He was granted a hearing before the justice of the peace

on this issue and again before a court of record. He did not then and does not now contend he complied or attempted to comply with the provisions of the ordinance. We think that he was properly found to be subject to the penalties of the ordinance and that he received fair treatment at the hands of the lower court.

Appellant's third contention is that the action should not have been brought in the name of the Commonwealth. In this he is right. We shall amend the caption by striking off " Commonwealth of Pennsylvania," but shall affirm the court below.

Judgment and sentence affirmed, and the caption amended by striking off "Commonwealth of Pennsylvania."

---

DISSENTING OPINION BY WRIGHT, J.:

Act No. 481 of 1947[1] delegated restricted taxing powers to political subdivisions. The amendment of May 27, 1953, P. L. 234 provides, inter alia, as follows: "Each ordinance and resolution *shall* state that it is enacted under the authority of the act . . ." (italics supplied). It is my view that the quoted language is mandatory, and that the ordinance under consideration is invalid because it does not contain the statement which the amendment requires.

Whether a particular statutory provision is mandatory or directory depends upon the intent of the legislature, and the primary object of judicial interpretation of a statute is to ascertain and effectuate that intention. It is a fundamental rule of statutory construction that a change of language indicates a change of legislative intent. This rule is particularly applicable where the change embodies the addition of a provision

---

[1] June 25, 1947, P. L. 1145, 53 PS 2015.1 et seq.

by a subsequent amendment, as in the instant case. The holding of the majority that the quoted language is merely directory fails to give any effect to the amendment and renders it a nullity.

In *Rose Township v. Hollobaugh,* 179 Pa. Superior Ct. 284, 116 A. 2d 323, the majority read into Act No. 481 a provision which was not present. In the instant case the majority deletes from the statute a provision which is present. I must again dissent.

GUNTHER, J., joins in this dissent.