## Labell v. Norristown Borough

*Russell J. Brownback* and *Roger B. Reynolds*, for plaintiffs.

*Paul P. Wisler* and *A. Benjamin Scirica*, for defendant.

KNIGHT, P. J., January 3, 1957.—This was an appeal from the passage of an amendment to the Zoning Ordinance of the Borough of Norristown.

The hearing judge dismissed the appeal and to this decision these exceptions were filed and have been argued before the court en banc.

The sole question that is pressed involves section 93 of the Borough Code, as amended by the Act of July 19, 1951, P. L. 1026, 53 PS §48304.

It is an admitted fact that an informative notice of intention to consider the proposed amendment was

not published in the manner provided by law for the publication of ordinances.

Section 93 of the Borough Code, supra, provides in part as follows:

"The council shall exercise the powers granted in this article (Article XXXIII—Zoning) by ordinance which shall provide for effecting of its purposes and for the enforcement of the regulations and restrictions established therein by reasonable fines and by instituting appropriate actions or proceedings at law or in equity. At least one week and not more than three weeks prior to the presentation of the proposed ordinance an informative notice of intention to consider such proposed ordinance and a brief summary setting forth the principal provisions of the proposed ordinance in such reasonable detail as will give notice of the contents, and a reference to the place or places within the borough where copies of the proposed ordinance may be examined shall be published in the manner provided by law for the publication of ordinances. . . .

"The procedure set forth relating to the adoption of the ordinance *may* likewise be adopted in amending, supplementing or repealing any of the provisions of the ordinance."

We agree with the counsel for exceptants that the answer to the problem before us depends on whether we construe the word "may" in the above section as "shall" or, in other words, whether the provision in reference to the publication of amendments to ordinances is mandatory or permissive.

The purpose of all interpretation is to ascertain the legislative intent for the legislative intent must prevail: Baldwin Appeal, 153 Pa. Superior Ct. 358.

The legislative intent seems clear in the above section. The fact that the legislature used the word "shall" in one paragraph and the word "may" in the

next paragraph dealing with amendments shows that it was the intent of the legislators to make a distinction between the original ordinance and the amendment thereto. If it was the intent of the legislature that all ordinances must be published in the manner provided by law then there was no purpose in mentioning amendments at all and the second paragraph of the section is meaningless.

As we interpret the section, the legislature made the notice by publication mandatory as to all original ordinances, but discretionary as to amendments.

The Borough Council of Norristown has constituted a zoning commission which considers applications for changes of zoning and reports to council with its recommendations. When a change of zoning is requested, the zoning commission publishes a notice and holds a public hearing. Such a hearing was held in this case, which was attended by appellants so that they had actual notice of the proposed amendment. The borough council may well have considered the notice of a hearing before the zoning commission a better way of giving notice to interested parties than by the notice required in the case of an original ordinance and in its discretion decided not to require that the notice of the proposed amendment be published. Counsel for appellants points to the section of the enabling act which provides that when a protest is filed by certain neighbors, a change of zoning can only be passed by the favorable vote of three fourths of all members of council.

Counsel asks without published notice how could the affected neighbors know of the proposed change? In passing, it may be noted that the amendment was passed by the favorable vote of all the councilmen. It is presumed that the borough council exercised its discretion wisely and properly in not advertising notice of the proposed amendment and that it held the pub-

lished notice of the hearing before the zoning commission to consider the change of zoning sufficient notice to all affected parties. There can be no doubt that all exceptants and all parties affected had ample notice and a full opportunity to be heard.

And now, January 3, 1957, the exceptions are dismissed and the decision of the hearing judge shall become the final judgment of the court.