## Taylor v. Bixler

*Frank S. Moser*, for plaintiff.
*Louis Cohen*, for defendant.

TROUTMAN, J., February 11, 1957.—On March 15, 1951, the supervisors of Zerbe Township, a township of the second class, located in Northumberland County, adopted an ordinance entitled Ordinance No. 2, providing that no person, whether principal or agent, shall enter, begin, follow or employ himself in the business of employment of a hawker, peddler, or traveling merchant, to sell or expose to sale within the Township of Zerbe, any goods, wares, or merchandise without first procuring a license from the supervisors of Zerbe Township and providing punishment for the violation thereof.

Thomas W. Klinger, a justice of the peace of the Township of Zerbe, issued a warrant on October 3, 1956, on information of the township police officer,

Raymond C. Taylor, charging defendant with violating the above ordinance on October 1, 1956, and again on October 2, 1956, At the hearing held on October 5, 1956, the justice of the peace found defendant guilty and imposed a fine and costs on him.

On October 8, 1956, defendant presented a petition for special allocatur to this court and on the same day the court allowed an appeal by defendant. On December 3, 1956, the Township of Zerbe filed a petition for a rule to show cause why the caption in the case should not be changed to "Township of Zerbe versus Harry W. Bixler" and another petition for a rule to show cause why the appeal should not be quashed.

In respect to the rule to show cause why the caption of the case should not be changed, the attorney for defendant has no objection to making the rule absolute. The section of the Second Class Township Code dealing with ordinances provides that proceedings may be brought either by suit or summary proceeding in the name of the township. Consequently, the action should have been instituted in the name of the Township of Zerbe and the rule will be made absolute and the caption of the case shall be amended to read "Township of Zerbe versus Harry W. Bixler."

Plaintiff's rule to show cause why the appeal should not be quashed raises a question whether the court of common pleas has jurisdiction of this appeal. The basic provision relating to appeals and proceedings of this nature is found in section 14 of article V of the Constitution of Pennsylvania which provides as follows: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

Pursuant to this constitutional provision, the legislature enacted the Act of April 17, 1876, P. L. 29, 19 PS §1189, which, as last amended by the Act of June 3, 1953, P. L. 272, made the following distinctions:

"Section 1. In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown."

It will be observed under these statutes whether or not we have jurisdiction to consider the instant appeal depends upon whether the judgment entered by the justice of the peace from which the appeal was taken constitutes a judgment in a suit for a penalty, in which case this court does have jurisdiction, or a summary conviction, in which case this court does not have jurisdiction but jurisdiction lies in the court of quarter sessions.

Clause XLI of section 702 of the Second Class Township Code of July 10, 1947, P. L. 1481, 53 PS §65741, relating to the powers to be exercised by township supervisors in relation to ordinances, provides, inter alia, that boards of supervisors may prescribe fines and penalties not exceeding $300 in any instance for the violation of any such township ordinances, which fines and penalties may be collected by suit or summary proceeding brought in the name of the township before any justice of the peace. It further provides

that proceedings for the violation of township ordinances and for the collection of fines and penalties imposed thereby may be commenced by warrant or by summons at the discretion of the justice of the peace before whom the proceeding is begun. It further provides that no warrant shall issue except upon complaint on oath specifying the ordinance for the violation of which the same is issued and further that the warrant shall be returnable forthwith and upon such return like proceedings shall be had as in cases of summary conviction. All fines and penalties collected for the violation of township ordinances shall be paid over to the township treasury.

It is the contention of the township that since the suit in this case was commenced by information, warrant and arrest and defendant found guilty of violating the ordinance in question, that it was a summary conviction and, hence, the appeal should have been to the court of quarter sessions, rather than to the court of common pleas.

There appears to be a great deal of confusion in the cases in distinguishing a summary conviction from a suit for a penalty and determining the proceedings in each. The reason for the confusion no doubt is that suits for penalties are in some respect penal in their character and in some cases, early as well as late, they were treated as summary convictions where the point was not made: Steelton v. Rashinsky, 33 Dauph. 227, 229.

The weight of authority is to the effect that a proceeding to recover a fine for the violation of a municipal ordinance is not a summary proceeding but is civil in nature, and therefore is to be governed and decided by the rules applicable to civil suits: Commonwealth v. Morand, 4 D. & C. 2d 390, 393; Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 108.

The provisions of the Second Class Township Code

in respect to the adopting and enforcement of ordinances by a township provides that fines and penalties may be collected by suit or summary proceeding. It further provides for the issuance of a warrant upon complaint on oath or affirmation. The fact that proceedings for collection may be had by warrant does not make the proceeding one of summary conviction but rather one of summary proceeding which shall follow the same procedure as it used in cases of summary conviction. The fact that the statute provides for a summary proceeding does not necessarily mean that the alderman or justice of the peace can proceed by summary conviction.

The fact that the proceeding shall be brought in the name of the township and the fact that fines or penalties shall be paid over to the township treasury clearly shows that the proceedings are in fact a suit for a penalty. Only the Commonwealth itself has power to create statutory criminal offenses. While a municipality may within the limits fixed by law enforce its police regulations by providing for the imposition of fines or penalties in the event of violation of its ordinances, it has no power to create criminal offenses. The phrase "summary conviction", as used in the acts of legislature, obviously applies to a conviction in a criminal case. The imposition of a fine, therefore, under a municipal ordinance, can not be regarded as anything other than a judgment in a civil suit "for a penalty": City of Harrisburg v. Schaflander, 60 Dauph. 100, 103; Commonwealh v. Hindin, 88 D. & C. 292, 295.

We are not unmindful of the decision of this Court in Commonwealth v. J. Lee Reitz, 25 Northumberland 212 (1953), which was a case involving an appeal in a prosecution under an ordinance of a second class township to the court of quarter sessions in which the court held that the justice of the peace elected to

exercise the criminal jurisdiction of his office and held that the violation was a case of summary conviction and that the appeal was properly taken to the court of quarter sessions. In that case, defendant had taken the appeal and there was no question raised by either party as to the jurisdiction of the court. The court, itself, was somewhat concerned about the jurisdiction of the court of quarter sessions to decide the appeal and at that time had not had the benefit of some of the later decisions, particularly the decision of the Superior Court in Pleasant Hills Borough v. Carroll, supra. The result in Commonwealth v. Reitz was the same inasmuch as the conviction was sustained. Insofar as that opinion is contrary to the decision of the court in this case, it is overruled.

Unquestionably, the law now is that a proceeding for a violatiton of an municipal ordinance, whether the proceeding is commenced by a summons duly issued and served or by an information and warrant, must be considered as a suit for a penalty particularly where the action must be brought in the name of the municipality and all fines and penalties paid into the municipal treasury.

The appeal in this case was properly taken to the court of common pleas of this county and plaintiff's motion to quash the appeal must be overruled.

### Order

And now, to wit, February 11, 1957, plaintiff's rule to show cause why the caption of the case should not be amended to read "Township of Zerbe versus Harry W. Bixler" is hereby made absolute and Township of Zerbe is hereby substituted for the name "Raymond C. Taylor."

Plaintiff's rule to show cause why the appeal should not be quashed is hereby overruled and discharged. Let an exception be noted for plaintiff.