## Shaler Township v. Union Real Estate Company of Pittsburgh

*Ralph F. German* and *William S. Smith,* for plaintiff.

*David K. Levin,* for defendant.

MARTIN, J., July 12, 1971.—The above-named plaintiff presented a petition to permit an appeal from the decision of a justice of the peace. An appeal was permitted conditioned upon the determination of preliminary questions of law to be determined at the time set for hearing. Hearing was set for April 15, 1971, at which time the above-named defendant presented a written motion to quash the appeal to the court. Counsel for both parties orally argued the questions of law presented by the petition and motion and no hearing was held on the merits of the original proceedings before the magistrate. The attorneys requested addi-

tional time within which to file written briefs with the court, which time was granted and which briefs have now been filed. Certain facts are apparent from a review of the record now before the court.

On October 29, 1970, Howard L. Abel, Chairman of the Bureau of Fire Prevention of the Township of Shaler, filed a "criminal summons" in the office of James H. Bowen, Justice of the Peace, District Court 05-2-03, alleging violations by defendant of the provisions of ordinance No. 1194, as amended by ordinance No. 1238 of the Township of Shaler. The "criminal complaint" was issued by the magistrate in the name of the Commonwealth of Pennsylvania.

On December 7, 1970, a hearing was held by the squire on the complaint. By letter dated March 9, 1971, Squire Bowen notified counsel for the Township of Shaler that defendant was discharged.

The controversy centers around alleged violations of Township of Shaler Ordinance No. 1194, as amended by ordinance No. 1238. These ordinances involve the Fire Prevention Code of the Township of Shaler. The violations include the lack of "Exit" and "No Exit" signs and alleged poor wiring and electrical violations in a building.

Subsequently, counsel for the Township of Shaler requested of Squire Bowen that the caption of the case be amended to delete the Commonwealth of Pennsylvania and add the Township of Shaler as plaintiff; however, no response was made to these requests.

Within 10 days after the date of the decision of Squire Bowen, a petition for appeal from said decision was filed on behalf of the Township of Shaler. An order of court, dated March 19, 1971, was signed by the Hon. Edwin J. Martin, of the Allegheny County Court of Common Pleas, setting April 15, 1971, as the date

for a hearing on whether or not said appeal should be allowed.

The issue for the court is whether the Township of Shaler may appeal from the decision of Squire James H. Bowen discharging defendant.

Prior to January 1, 1969, article 5, sec. 14, of the Pennsylvania Constitution provided:

"In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, *upon allowance of the appellate court or judge thereof upon cause shown.*" (Italics supplied.)

The revision of 1968 eliminated the above and now provides, in article 5, sec. 9, the following:

"There shall be a right of appeal *in all cases* to a court of record from a court not of record. . . .": Pennsylvania Constitution, art. 5, sec. 9. (Italics supplied.)

For cases arising on or after January 1, 1969, in a court not of record (such as the present case) either party has a right of appeal when cause was shown. Under the language of the new Constitution there is clearly a right to appeal.

The language of section 3 of the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), 42 PS §3003, et seq., apparently gives only *defendant* the right to appeal to the court of common pleas in all cases of summary proceedings. As used in that act, a "summary case" would include the present case: 42 PS §3002(3).

Even though the Minor Judiciary Court Appeals Act provides only for an appeal by a defendant in cases of summary proceedings, as therein defined, the act's silence with respect to an appeal by the prosecution in a summary conviction case should not be con-

strued as denying the Township of Shaler an appeal in this case. Such construction would make the language of the statute conflict with the language of the Constitution. The Minor Judiciary Court Appeals Act must be construed so that there will be no conflict with the clear meaning of the article 5, sec. 9, of the Pennsylvania Constitution. It is the duty of the court to construe any statute so as to prevent a conflict with the Constitution: Dauphin Co. Grand Jury Invest. Proc. (No. 3), 332 Pa. 358 (1938); Davis v. Sulcowe, 81 Dauph. R. 72 (1963) affirmed 416 Pa. 138; Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552(3).

In order to save section 3 of the Minor Judiciary Court Appeals Act, 42 PS §3003, it must be construed as *prescribing the procedure* by which a defendant appeals from a conviction in a summary proceeding case before the minor judiciary and not as delineating the right to an appeal.

The decided cases have held that a proceeding for the collection of a fine or the recovery of a penalty due a municipality is a civil proceeding. There is no question that it was error to bring the proceedings in the name of the Commonwealth of Pennsylvania; however, such an error is amendable: Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102 (1956); Commonwealth v. Boyer, 12 Lebanon 97 (C.P. Leb. 1967).

The right of the Township of Shaler to take an appeal from a court not of record to a court of record is clearly set out in article 5, sec. 9, of the Pennsylvania Constitution. This constitutional provision is not, and cannot be, affected by the Minor Judiciary Court Appeals Act. Finally, it is proper to bring such appeal in the name of the Township of Shaler.

## ORDER OF COURT

And now, July 12, 1971, in accordance with the foregoing opinion, the appeal by the Township of Shaler in the above matter is permitted and the motion to quash the appeal is denied. Hearing on the merits of the appeal will be held the —— day of ———— ————————, 1971.