**Appeal of Westover Builders, Inc.**

*Harry F. Dunn, Jr.,* for appellant.

*John P. Trevaskis, Jr.,* for appellee.

WRIGHT, J., July 28, 1972.—Westover Builders, Inc. (hereinafter referred to as "appellant") is the equitable owner of a tract of approximately 10 acres located in Upper Providence, Delaware County, Pa. Appellant's land is south of the Media By-Pass of U.S. Route 1 and east of Providence Road.

Appellant prepared a plan for the development of the area by the construction of 200 apartment units and presented said plan to the Board of Supervisors of Upper Providence Township by way of a zoning challenge pursuant to the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805 (No. 247), 53 PS §10101, et seq.

It appears that the land covered by the plan is zoned "R-2" which would permit the construction of approximately 80 twin homes.

March 23, 1970, was fixed by the supervisors for a hearing on appellant's plan. Many residents of the township appeared at the hearing. Appellant presented detailed testimony respecting its application which covered existing uses of surrounding land, location, proposed plans, type of construction, parking, lighting, traffic, landscaping, etc.

Several residents testified at the hearing objecting to the proposed use, and there was some testimony from one or so residents in favor of the proposed use.

Delaware County Planning Commission is the planning consultant for Upper Providence Township and appellant presented a communication from the Delaware County Planning Commission dated January 19, 1970, which under the heading "Recommendation" states:

"It would appear that the only effective use of this

ground is for apartment development. The area should be rezoned to permit apartments. A density of 16 units per acre for garden apartments is suggested. However, if mid-rise apartments are used the density could be as high as 30 per acre. Agreement should be reached with the developer regarding traffic circulation in the immediate area."

Said communication from the Delaware County Planning Commission states under the heading "Commission Review" as follows:

"The review of rezoning proposals is prepared by the staff of the Delaware County Planning Commission. It should not be construed as an endorsement by the Commission itself, which does not review these comments."

The above-referred-to communication from the Delaware County Planning Commission indicates that as of the date of said communication there was no comprehensive plan for the area, although appellant's brief indicates that the Upper Providence Comprehensive Land Use Plan designated the land in question to be used for "High Density Residential." The brief of Upper Providence Township (hereinafter referred to as "township") would indicate that there is a comprehensive plan which designates the area as residential.

There is presently in the township no apartment zoning classification, although there are apartments in the township. In fact, appellant was granted a variance several years ago to build an apartment complex and the plan presently before the court would expand that complex.

On July 7, 1970, the township supervisors passed a motion denying appellant's zoning challenge. No written notice, or notice of any kind, specifically directed to appellant was given to appellant.

It appears from appellee's brief that the motion was passed at a public meeting and it was appellant who insisted that the zoning challenge be acted upon at that meeting, and appellant had actual notice of the action taken.

It further appears from appellee's brief that on or about July 21, 1970, appellant filed an appeal to the Zoning Hearing Board of Upper Providence Township from the action taken by the township supervisors on July 7, 1970, and on or about May 13, 1971, appellant filed a petition with the board of supervisors of the township requesting a zoning change for the same area indicated in these proceedings.

Article V, sec. 508 (1), (2), (3), and article VIII, secs. 801 and 802, of the Municipalities Planning Code, provide as follows:

### "ARTICLE V
### "Subdivision and Land Development

\*      \*      \*      \*      \*

§508. *Approval of plats.—All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body within such time limits as may be fixed in the subdivision and land development ordinance but the governing body shall render its decision and communicate it to the applicant not later than forty days after such application is filed.*

*"(1) The decision of the governing body shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;*

*"(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which*

*have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;*

*"(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect."* (Italics supplied.)

## "ARTICLE VIII
### "Zoning Challenges; General Provisions

"§801. Landowner.—A landowner desiring to challenge the validity of any provisions of a zoning ordinance, subdivision and development ordinance or official map or any amendment thereof shall not be required to make or file any application for development as a condition to pursuing any available judicial or administrative relief, except in the following cases:

"(1) When the power to grant relief against the challenged provision is lodged in any administrative agency or officer and the application is necessary to a decision upon the appropriate relief. For purposes of this subsection, the words 'administrative agency or officer' shall include the local governing body when acting upon the approval of plats pursuant to Article V and when acting upon the approval of development plans pursuant to Article VII; and

"(2) When an application is necessary to define the controversy and to aid in its proper disposition. An application for subdivision approval or for a building permit is not necessary to define the controversy or

to aid in its proper disposition within the meaning of this subsection when the challenge is addressed solely to a minimum lot size or maximum density requirement. Nor shall an application relating to buildings be required when the challenge is confined to site planning or subdivision improvement matters, nor shall a subdivision application be required when the challenge is confined to building or land use matters.

"§802. Landowner; scope of judicial relief

"Notwithstanding any provision contained in section 801 of this act, a landowner desiring to challenge the validity of any provision of a zoning ordinance, subdivision and development ordinance or official map or any amendment thereof, may elect to file a complete application for development, either preliminary or final, with the appropriate agency or officer and demand that such agency or officer decide in what respects the application accords with the provisions of the governing ordinance or map and in what respects it conflicts therewith:

*"(1) The determination pursuant to such demand shall be made in accordance with the procedures and within the time prescribed by this act for acting upon the application in question. But where the procedures otherwise applicable do not require this, a decision pursuant to a demand made under this section shall be in writing and shall note the matters deemed to be in conflict with the applicable ordinance or map and cite to the provisions of such ordinance or map relied upon. A copy of the decision shall be furnished the applicant personally or mailed to him not later than the day after the decision is rendered.* (Italics supplied.)

"(2) Upon receipt of the decision, the landowner may immediately pursue the administrative and judicial proceedings available to challenge the pro-

visions found to be in conflict with his application. In addition, he may elect to serve a copy of the decision upon the governing body together with copies of his application and notice of his intention to secure the special relief authorized by this section and clause (2) of section 1009. If the landowner elects to serve such notice, the governing body shall have sixty days from the receipt thereof within which it may amend the challenged provisions of the ordinance or map. If no amendment is adopted within the sixty day period, the court rendering the decision upon the challenge shall disregard any subsequent amendment and may, if it holds the challenged provisions invalid, enter judgment ordering the appropriate agency or officer to approve the landowner's application as filed. If an amendment is adopted within the sixty day period, the landowner may accept the amendment and dismiss his action without prejudice to his right to raise the same issues in another action; or he may amend his complaint and challenge the amended provisions and if such amended provisions are held invalid by the court, the court shall have power to enter judgment ordering the appropriate agency or officer to approve the landowner's application as filed.

"(3) When the landowner is unaware of the conflict between his application for development and the provisions of the governing ordinances or maps at the time of filing thereof and files a complete application preliminary or final without serving demand for a decision thereon as provided in this section, and thereafter the application is disapproved on the grounds that it conflicts with provisions of the governing ordinance or map, the landowner may elect, at that time, to demand a decision in the terms required by this section whereupon the procedures set forth in this section and the powers granted to the court shall be

applicable as if a demand had been served at the time the application was filed."

This appeal was filed by appellant on May 26, 1971. Appellant contends in this appeal that under the provisions of the Municipalities Planning Code it is entitled to approval of its proposed land use by reason of appellee's failure to give it written notice of the action taken on July 7, 1970.

The sole question before the court, as raised by the parties, is whether or not appellant is entitled to approval of its proposed land use by reason of the failure of appellee to comply with provisions of the Pennsylvania Municipalities Planning Code, article VIII, sec. 802, pertaining to written notice and failure to give reasons for the action taken.

Appellant relies on article VIII, sec. 801, and article V, sec. 508, of tne Municipalities Planning Code to sustain its contention, especially relying on the provisions, supra, that are italicized.

There is a dearth of appellate court decisions interpreting the provisions of article V and article VIII of the Municipalities Planning Code. However, our Commonwealth Court in Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township, 1 Comm. Ct. 499 (1971), has interpreted the provisions of section 908 of the Municipalities Planning Code as it concerns notice to be directory rather than mandatory. Section 908 contains provisions for notice that are very similar to the provisions of article VIII, sec. 802(1), and article V, sec. 508.

Section 908 of the Municipalities Planning Code provides, in part:

"(9) The board or the hearing officer, as the case may be, *shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days. Each decision shall*

*be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found.* If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings. *Where the board has power to render a decision and the board or the hearing officer, as the case may be, fails to render the same within the period required by this clause, the decision shall be deemed to have been rendered in favor of the applicant.*

"(10) *A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date.* To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined." (Italics supplied.)

In the Limekiln case, the zoning board mailed its decision five days after the date of the decision rather than delivering it or mailing it before the expiration of the day following its date. The Commonwealth Court, in interpreting the notice provisions of section 908, at pages 512-13, stated as follows:

". . . we have no hesitancy in concluding that the delivery or mailing requirement of clause (10) is direc-

tory rather than mandatory. An instructive discussion of the rules and aids to construction relative to this subject is contained in Commonwealth ex rel. Kelley v. Pommer, 330 Pa. 421, 199 A. 485 (1938); however, a time-honored form of the rule to be applied is 'that whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required.' See Deibert v. Rhodes, 291 Pa. 550, 140 A. 515 (1928). The essence of clauses (9) and (10) of Section 908 is the filing of the report within the time fixed in clause (9), not the giving of notice. We are not unmindful that zoning procedures are to be strictly followed; but if the statutory provision in question is simply intended to promote dispatch and if noncompliance does not injure the landowner, the provision is to be construed as directory. See Appeal of Baldwin, 153 Pa. Superior Ct. 358, 33 A.2d 773 (1943). We do not believe that the legislature intended the severe stricture of clause (9) to follow from a failure to observe the letter of clause (10) . . ."

To render the action of the township supervisors a nullity, where an applicant has actual notice would cause a harsh and severe result. This court does not believe the legislature intended such a result.

This court concludes that the notice requirements of article VIII, sec. 802, and article V, sec. 508, are directory rather than mandatory. This conclusion does not penalize or in any way prejudice appellant. On the other hand, it certainly was not the intention of the legislature that the municipality and its citizens be penalized in situations such as this while the applicant gets a "windfall."

Further, in Levitt & Sons, Inc. et al. v. Kane, Jr., 4 Comm. Ct. 375, it was held that section 801 of the Pennsylvania Municipalities Planning Code did not authorize an appeal to the Court of Common Pleas by

resident-owners from action of a Board of Supervisors in rezoning an area in which the resident-owners' property was located, and that other sections of the Pennsylvania Municipalities Planning Code provide the exclusive procedure for appeals to test the validity of the enactment of a zoning ordinance.

In the instant case, the board of supervisors failed to amend the zoning ordinance. However, in principle, there should be no difference in the right to appeal whether the case arises from the enactment by the board of supervisors, or the failure to enact, a zoning ordinance or amendment.

The appeal should be dismissed.

### ORDER

And now, to wit, July 28, 1972, it is hereby ordered and decreed that the appeal of Westover Builders, Inc., be and the same is hereby dismissed.